## MARTIN et al. vs. O'BANNON.

1. ACKNOWLEDGMENT OF MORTGAGE: *The word " uses" in, not the same as " consideration." Lien, etc.*

The acknowledgment of the execution of a mortgage for the *uses* and purposes therein specified is insufficient to authorize it to.be recorded. The word " uses" is not the same, or of similar import, as the word " consideration " required by the statute; and such mortgage, though recorded, is no lien upon the property except between the mortgagor and mortgagee.

2. DECREES: *Bind only parties to them.*

The heirs of a deceased mortgagor are not bound by a decree foreclosing a mortgage executed by him on land, unless they are parties to the suit; nor are any others who are not parties to it.

3. VENDOR'S LIEN: *When passes to assignee of purchase notes.*

When one sells land and gives a bond to make title upon payment of the notes given for the purchase-money, his lien upon the land is in the nature of a mortgage, and passes to his assignee of the notes, who has the right, by subrogation, to foreclose the lien.

4. ASSIGNMENT OF NOTE: *Consideration for, not impeachable by one without interest.*

In a suit by the assignee of a note given for land, to foreclose a mortgage upon it for payment of the note, a defendant who has no lien upon the land as against the assignee, is in no attitude to impeach the consideration of the assignment.

5. FORMER JUDGMENT: *Plea of must show parties to the suit, etc.*

A plea in bar of a suit, that the plaintiff had instituted a former suit in equity upon the same cause of action, and that it was, upon final hearing, dismissed, but not showing who were defendants in it, nor that the decree of dismissal was upon a hearing on the merits, is insufficient.

APPEAL from *Arkansas* Circuit Court in Chancery.

Hon. J. A. WILLIAMS, Circuit Judge.

*Doolcy*, for appellants.

ENGLISH, C. J. The bill in this case was filed on the

chancery side of the circuit court of Arkansas county, in January, 1875, by Thomas W. O'Bannon, against Robert C. Martin, D. B. Forster, C. W. Kealhofer and Thomas Day—the last three composing the firm of Forster, Kealhofer & Co.—R. B. Dollarhide, as administrator of John O. Hare, deceased, George Kealhofer, and the unknown heirs of said Hare.

The bill alleges, in substance, that on the eleventh day of March, 1871, John O. Hare, being the owner and in possession of lots Nos. 3 and 4, in block No. 27, situated in the town of De Witt, with a store-house and other improvements thereon, contracted to sell said lots and improvements, and some personal property, etc., to defendant Robert C. Martin, for $3,090, of which $1,090 was paid down, $1,000 to be paid in six and $1,000 in eighteen months thereafter, for which Martin gave his notes, and Hare entered into a written contract to make him a deed to the lots on payment of the two notes, retaining the legal title as security for their payment.

That Hare afterwards, on the —— day of ———, 187—, for a valuable consideration, indorsed said notes, and assigned and delivered them to plaintiff.

The contract of sale, signed by Hare and Martin, and a copy of the notes, with the indorsement thereon, were made exhibits, and the original notes afterwards produced and filed by plaintiff.

In the written contract the notes are described, and declared to be a lien on the lots, and Hare binds himself to execute to Martin a deed on payment of the notes, and in each note the lots are described, and the amount of the notes and interest (at 10 per cent.) declared to be a lien upon them.

The bill further alleges that the notes were long since

due, remained wholly unpaid, and were a lien on the lots, etc.

That defendant George Kealhofer was in possession of the lots, and claimed some interest therein, in connection with Forster, Kealhofer & Co., under some pretended agreement with Martin or Hare, which was subordinate and inferior to plaintiff's lien for purchase-money as holder of said notes.

That John O. Hare, since he transferred the notes to plaintiff, had died, without executing said contract of sale, or conveying said lots to Martin, and that the title thereto descended to his legal heirs, subject to plaintiff's lien for purchase-money. That the names of his heirs were unknown to plaintiff, and non-residents of the state, and, hence, were made defendants by description of the unknown heirs of John O. Hare, deceased; and that defendant R. B. Dollarhide was the administrator of the estate of said Hare.

Prayer for decree against Martin for the amount of the notes and interest, that the same be declared a lien upon the lots, and that they be condemned and sold for the satisfaction of the decree, etc.

An affidavit was attached to the bill that its allegations were true, and that the defendants, composing the firm of Forster, Kealhofer & Co., and the unknown heirs of John O. Hare, deceased, were non-residents of the state, as to whom publication was ordered, and made, and an attorney *ad litem* appointed for them. The other defendants were served with process.

Day, Kealhofer & Co. applied to be made defendants to the bill in place of Forster, Kealhofer & Co., stating that they were a firm of merchants, of Memphis, composed of Thomas Day and Charles W. Kealhofer, under the style

of Day, Kealhofer & Co., and as such the successors of the dissolved firm of Forster, Kealhofer & Co., and the real parties in interest; and they were accordingly substituted.

Day, Kealhofer & Co., with Robert C. Martin, demurred to the bill, the demurrer was overruled, and said firm answered, in substance, as follows:

That as the successors of Forster, Kealhofer & Co., which firm was dissolved the sixteenth of June, 1874, they are the owners and in possession of the lots described in the bill.

That on the twenty-first of February, 1871, said John O. Hare, then owner of the lots, mortgaged them to Forster, Kealhofer & Co., to secure a debt of $1,500, with interest, etc., which mortgage was executed and recorded before the sale of the lots by Hare to Robert C. Martin, eleventh of August, 1871. (Copy of mortgage exhibited.)

That on the sixth of August, 1872, Forster, Kealhofer & Co. brought suit in the same court to foreclose the mortgage, and on the —— day of March, 1873, a decree was rendered in their favor for their debt, etc., and for sale of the premises. (Copy of decree, etc., made exhibit.) That the court appointed A. L. Truman a commissioner to sell the lots who made the sale the twenty-first of April, 1873, and they were purchased by Forster, Kealhofer & Co., to whom the commissioner executed a deed, the twenty-second of July following, approved by the court, a copy of which is exhibited.

That if the notes sued on in this case were assigned by Hare to plaintiff, he took them with knowledge of said mortgage, etc., but "they deny that plaintiff came into possession of said notes for a valuable consideration or any consideration whatever."

The remainder of the answer is in these words:

"Defendants do plead and hereby set up as a defense to the complaint, in this case, former judgment, that on the

—— day of ——, 187—, this plaintiff filed in this court a complaint, the subject matter of which was and is the same as and identical with this complaint herein responded to, and that thereafter, to wit, on the —— day of ——, 187—, a final judgment of dismissal was given and entered by this court on said anterior complaint, appeal prayed, and never prosecuted.

"Wherefore, the premises considered, defendants pray to be dismissed, etc."

The plaintiff filed a demurrer to the answer of Day, Kealhofer & Co., which the court sustained, and they rested. Defendant, Robert C. Martin, rested on his demurrer to the bill. Dollarhide, the administrator of Hare, who was served with process, made no defense, and none was made for the unknown heirs of Hare.

The court rendered a decree in favor of plaintiff against defendant, Martin, for the amount of the two notes sued on, with interest, declared the notes a lien in the hands of plaintiff on the lots, foreclosed the lien, and condemned the lots to be sold to satisfy the decree, etc.

The defendants, who pleaded, appealed.

No question is made by counsel for appellants as to the sufficiency of the original bill.

1. ACKNOW-
LEDGMENT
OF MORT-
GAGE:
The word
"uses" in,
not the
same as
"consider-
ation."

I. There is no averment in the answer of Day, Kealhofer & Co. that the mortgage upon the lots in controversy executed by John O. Hare to Forster, Kealhofer & Co., was acknowledged in due form, etc.

On looking at the copy of the mortgage, made an exhibit to the answer, we find the certificate of acknowledgment to be as follows:

"THE STATE OF ARKANSAS, }
    *Arkansas County.* }

" Before me, the undersigned, clerk of the circuit court

Martin et al. vs. O'Bannon.          .

of said county, this day personally came John O. Hare, and acknowledged that he signed, sealed and executed the foregoing instrument of writing for the *uses* and purposes therein specified; and I do so hereby certify   Witness my hand and the seal of said court, this twenty-second of February, 1871.

[SEAL.]          .          "A. C. WILEY, Clerk."

It appears that the mortgage was filed for registration on the same day, and afterwards recorded.

The word "uses," in the certificate, is not of similar import, or substantially the same as the word *"consideration"* required by the statute, (*Gantt's Dig., sec. 1846,*) and the certificate was invalid, and the mortgage was not legally recorded, and was no lien upon the lots except between the. mortgagor and mortgagees.   *Jacoway v. Gantt, Ad. of Loupe, 20 Ark., 190; Little, trustee, v. Dodge, guardian, 32 ib., 458.*

II.   The answer does not allege who were made defendants to the foreclosure bill of Forster, Kealhofer & Co.

2. DECREE: Binds only parties to it.

It appears from the copy of the decree, made an exhibit to the answer, that the suit was brought against John O. Hare, George Kealhofer and Robert C. Martin; and when the decree was taken, the death of Hare was suggested, and the suit abated as to him, and revived against his administrator, R. B. Dollarhide, who entered his appearance and consented to a decree; whereupon the bill was dismissed as to the other defendants and a decree of foreclosure, and for sale of the lots, taken against Dollarhide, as such administrator alone.

The decree was not binding, or conclusive upon the heirs of Hare, nor upon Martin, nor upon appellee, who were not parties to it.   As to them the mortgage still stood open and unforeclosed.   *Haskill, Ad., v. The State et al., 31 Ark., 91.*

When this suit was brought, therefore, all the claim that Day, Kealhofer & Co., as successors of Forster, Kealhofer & Co., had upon the lots in controversy, was an unrecorded and unforeclosed mortgage, valid only as between them and the administrator and heirs of Hare. *Haskill v. Sevier et al., 25 Ark., 152.*

3. VENDOR'S LIEN: When passes to assignee of purchase notes.

III. The lien of Hare upon the lots to secure the purchase-money notes executed to. him by Martin, was in the nature of a mortgage, and when he transferred the notes to appellee, the lien passed with them, and appellee had the right, by subrogation, to foreclose the lien. *Garrett v. Williams et al., 31 Ark., 240.*

The bill alleges that appellee took the notes for a valuable consideration, which the answer denies, and the demurrer to the answer admits this to be true.

2. ASSIGN-MENT OF NOTE: Not impeachable by one without interest.

But Day, Kealhofer & Co., having no lien upon the lots except as against Hare, his heirs and administrator, under their unrecorded mortgage, were in no attitude to impeach the consideration for the transfer of the notes by Hare to appellee. As to appellee, their mortgage was as if never made. Nor had they any lien or claim upon the notes in suit, and whether appellee paid Hare little or much for them was of no consequence to them or Martin.

This court has repeatedly declined to depart from the decision in *Main v. Alexander, 9 Ark., 112,* which was founded upon the strong and peculiar language of the mortgage statute, and became a rule of property, that an unrecorded mortgage is not a lien as against strangers, though they have actual knowledge of its existence.

If a man makes a mortgage to another, and before its registration makes a second mortgage, or sells the premises to a third person, who has actual notice of the first mortgage, this, in the general law of conveyancing, is a

fraud upon the first mortgagee, and makes a strong case for relief; but none is afforded under our statute, as construed in the above case, regulating the registration of mortgages.

The party holding the unrecorded mortgage, and therefore having no lien upon the premises, is in no attitude to question subsequent sales or incumbrances, or the consideration for the transfer of notes executed upon such sales. To open the door to him for such purposes would be a departure from the absolute rule, and lead to other departures, and finally, perhaps, to the mischief of unsettling a rule of property.

Persons taking mortgages must protect themselves by care in their execution and acknowledgment, and diligence in filing them for registration. The trusting to unskillful persons in conveyancing has been an evil and occasioned much loss.

IV. The attempt in the answer to plead a former decree in bar of the bill was a failure. It does not allege who were defendants in the former suit, nor that the decree of dismissal was upon a hearing on the merits, nor is the answer aided by bringing into the record of this case the decree relied on as a bar.

5. FORMER JUDGMENTS Plea of, must show the parties to it, etc.

The decree must be affirmed.