GERMAN NATIONAL BANK *v.* BARHAM.

Opinion delivered April 15, 1893.

*Redemption from mortgage sale—Tender.*

> To redeem lands from a sale under a mortgage, under sec. 4759, Mansf. Dig., payment or tender of the full amount for which the property sold, with interest, is necessary ; a judgment creditor, having a right to redeem, cannot ask that a subsequent sale of part of the lands by the purchaser at the mortgage sale be confirmed, that the cash payment made to the purchaser, together with a sufficient additional sum tendered by the creditor, be applied to redeem all the lands from the mortgage sale, and that the unpaid purchase money notes, and the lands not be sold by the purchaser, applied to satisfy the judgment lien.

Appeal from Ouachita Circuit Court in Chancery.

CHARLES W. SMITH, Judge.

On the 20th of September, 1889, the German National Bank and other creditors of C. R. Barham brought suit against Barham, C. D. Gee and M. A.

Johnson. The complaint states that, on the 30th of August, 1888, Barham executed to defendant Gee a deed of trust on certain lands described to secure debts aggregating $4000; that, on the 20th of September, 1888, plaintiffs instituted suits by attachment against Barham, and obtained judgments sustaining the attachments on the 20th of November, 1888; that, on the 10th day of August, 1889, Gee procured the lands to be sold under the power contained in the deed of trust, and became purchaser of the same for the sum of $1800; that Gee has sold a portion of the lands to defendant Johnson for $3750, of which he received $1000 in cash; that Barham's equity of redemption was subject to plaintiffs' judgment liens. Plaintiffs prayed that the $1000 received by Gee from Johnson be treated as applied to the redemption of the lands still held by Gee, and tendered $1000 additional, which was alleged to be sufficient, under the statute, to redeem such lands from the mortgage sale. They also asked that Gee be required to bring into court the notes of Johnson to be applied to plaintiffs' debts, and for sale of the balance of lands not sold to Johnson, and that the sale to Johnson thereupon be confirmed.

A demurrer to the complaint was sustained by the court, and plaintiffs have appealed.

*John B. Jones* and *B. W. Johnson* for appellants.

1. An equity of redemption is subject to the lien of a judgment. 39 Ark. 97. Such a lien can be enforced in equity. 19 Ark. 297; 31 Ark. 429; 39 *id*. 371; 41 *id*. 372; Mansf. Dig. sec. 3084. The bill was good as a creditor's bill or a bill to redeem. 35 Ill. 454.

2. No tender was necessary. 34 Ark. 589; 33 *id*. 349; Dan. Chy. Pl. & Pr. secs. 2023, 2015, 2028; 11 Ill. 278; 22 Cal. 330.

3. Equity has jurisdiction to aid in the execution of judgment liens or executions. 22 Wis. 254 ; 17 *id.* 455 ; 1 Paige, 305 ; 23 Ark. 752 ; 1 Paige, 641 ; 33 Ark. 769 ; 31 *id.* 429.

4. Under Mansf. Dig. sec. 4759, a redemption can be had by tendering or paying the amount for which the land sold under the mortgage.

*Thornton & Smead* and *Bunn & Gaughan* for appellee.

1. Appellants had an adequate remedy at law by suing out executions and selling the equity of redemption. 26 Ark. 649 ; 27 *id.* 157. But to do this they would have to pay the mortgage debt, and this they were unwilling to do.

2. Judgment creditors, in order to redeem, must pay the mortgage debt. Mansf. Dig. sec. 4759 ; 14 Wall. 491 ; 3 Pom. Eq. Jur. p. 208, sec. 1220 ; 53 Ark. 79 ; 5 Gill & J. 1 ; 1 McM. Eq. 1 ; 3 Conn. 211 ; 1 A. K. Marsh. 287 ; 23 Ark. 492.

HUGHES, J. The appellants filed their complaint in equity to redeem from a sale under a power contained in a deed of trust lands described in their complaint. A demurrer was sustained to their complaint, and they appealed. The complaint does not state that they tendered and offered to pay to the purchaser the amount of the sale with interest thereon at the rate of ten per cent. per annum from the date of the sale till the date of the tender, as required by the statute. Mansfield's Digest, sec. 4759. Nor is there any offer in the complaint to do this. But the complaint avers that the purchaser had sold the lands for $3700 and had received one thousand dollars on his sale, and states that they had tendered one thousand dollars additional, and that these sums, aggregating two thousand dollars, were sufficient to cover the amount of the sale under the trust deed, with ten per

cent. interest thereon, and that this is all the creditors secured by the trust deed are entitled to receive, notwithstanding it appeared that their debts secured by the deed of trust with interest amounted to about $4000. The complaint prays that one thousand dollars deposited by complainants, and one thousand dollars received by the purchaser at the sale under the mortgage, upon his sale of the lands to Johnson, be applied to the payment of the $1800, for which the lands were sold under the mortgage, and the interest thereon; and that Johnson's notes, held by the purchaser, for a balance of $2700 of purchase money due from Johnson to the purchaser at the sale under the mortgage be applied to plaintiffs' debts against the mortgagor, and that the sale to Johnson of the lands purchased at the mortgage sale by his vendor be confirmed. They ask for redemption from the sale under the mortgage and for confirmation of the sale to Johnson by the purchaser under the mortgage of the lands he bought.

The right of redemption is a necessary incident to a mortgage. The rule in equity requires that, to redeem property sold under a mortgage for less than the mortgage debt, the whole mortgage debt must be tendered or paid into court, and that it is not sufficient to tender the amount for which the property sold. This is upon the principle that "he who seeks equity must do equity."

Independent of the statute allowing redemption by paying the amount for which the property sold with interest, the entire amount of the mortgage debt must be paid to effect a redemption. Pomeroy's Equity Jur. sec. 1220; *Collins* v. *Riggs*, 14 Wallace, 491.

Any one holding a legal or equitable lien may redeem. 3 Pomeroy's Eq. sec. 1220.

The statute of this State provides that real property sold under a mortgage "may be redeemed by the mortgagor at any time within one year from the sale

thereof by payment of the amount for which said property is sold, together with ten per cent. interest thereon and costs of sale." Mansfield's Digest, sec. 4759. To effect a redemption under this statute, it must be complied with.* It is not shown in the complaint that the plaintiffs have complied with this statute, nor do they offer to do so in the complaint. They seek to redeem from the sale by taking the benefit of the purchaser's sale to Johnson of the lands he bought at the sale under the mortgage. They seek to redeem the lands sold under the mortgage, and at the same time ask that the sale of these lands to Johnson by the purchaser at the mortgage be confirmed.

We are of the opinion that the demurrer was well taken, and was properly sustained.

The appellants' equitable right to redeem was not affected by the sale under the mortgage.

The decree is affirmed.

---

*The distinction between redemption from a sale under a mortgage, as provided by section 4759 of Mansf. Dig., and redemption in equity from the lien of a mortgage, is pointed out in *Wood* v. *Holland*, *ante*, p. 198. (Rep.)