ALLEN *v.* SWOOPE.

Opinion delivered January 15, 1898.

TAX SALE—REAL ESTATE BANK LAND.—Where the state, as assignee of the Real Estate Bank, holds a mortgage on land, a sale thereof for taxes will carry merely the mortgagor's equity of redemption. (Following *Harrison* v. *Williams*, 39 Ark. 315.) (Page 579.)

MORTGAGE—RIGHT TO REDEEM.—One who has purchased a mortgagor's right to redeem an undivided interest in land prior to a decree of partition thereof and of foreclosure of the mortgage, not having been made a party to such proceedings, has the right to redeem the mortgagor's interest, as it stood before such proceedings. (Page 579.)

TAX SALE—VALIDITY.—All tax sales made in the year 1873 for non-payment of the taxes of 1872 are void. (Following *McConnell* v. *Day*, 61 Ark. 464.) (Page 579.)

Appeal from Crittenden Circuit Court in Chancery.

FELIX G. TAYLOR, Judge.

*W. G. Weatherford*, for appellants.

The answer of defendant does not deny the allegation of ownership by plaintiff, and hence it must be taken as confessed. Sand. & H. Dig., § 5761. Appellee is estopped to deny the validity of the decree of foreclosure, or the title of the respective parties thereto. Act January 16, 1861, § 4, p. 236; 57 Ark. 58; 38 Ark. 181. The tax forfeitures of 1866 and 1872 were void, so far as the state's lien was concerned. Gantt's

Dig., § 3984; 39 Ark. 315; 39 *ib.* 583. The tax sale is also void because it includes a parcel not taxable, and also because it includes taxes for one year, for which they are not due. 24 Me. 283; 13 Pick. 492; Blackwell, Tax Titles, pp. 280, 281; *ib.* § 120. The accretions belong to appellant. 25 Ark. 120; 53 Ark. 314; 61 Ark. 429.

*W. M. Randolph & Sons,* for appellee.

The action is substantially one of ejectment, and plaintiff is required to deraign title and recover on the strength of his own superior claim. Sand. & H. Dig., § 2578; 47 Ark. 418; 47 Ark. 215; 19 Ark. 201. The parties do not claim title from a common source, and neither the decree of foreclosure nor the land commissioner's deed is competent evidence against appellee. 52 Ark. 173; 1 Gr. Evid., § 524. Even if the state owned an undivided half of the parcel of land in controversy, this could not exempt the remaining half. Const. art. 16, § 6; 25 Ark. 289; 46 Ark. 312; 120 U. S. 97; 57 Ark. 445. The state's interest in lands as mortgagee or lien-holder does not exempt them from taxation, and it devolved on plaintiff to show exemption in all the cases claimed by him. 45 Ark. 81–88. The sales for 1866 and 1877 are not contested, and hence are assumed to be lawful. The sale by the land commissioner was valid, and conveys all the right, title and interest of the state and of the former owners. 59 Ark. 195, 209; Acts 1875, p. 92, *et seq.*; Mansf. Dig., § 3918; *ib.* § 5220–5221; 53 Ark. 418; 43 Ark. 398; 51 Ark. 397; 53 Ark. 423; 58 Ark. 155. This deed was *prima facie* evidence of title. 32 Ark. 141, 142. This being true, appellee had a good title by limitation. Sand. & H. Dig., § 4918; 57 Ark. 523; 53 Ark. 418; 58 Ark. 151.

BUNN, C. J. In 1839, one Perry W. Porter, being the owner of an undivided one-half of the fractional east half of section 16, township 3 north, range 7 east, in Crittenden county, and being largely indebted to the Real Estate Bank, mortgaged the same to secure said indebtedness.

In 1881, the State of Arkansas, through the attorney general, instituted in the Pulaski chancery court, in pursuance of law, proceedings to foreclose said mortgage on said land, and Thomas H. Allen, the original plaintiff herein, who in the mean-

37

time had become the owner, as he claims, of the other undivided half-interest, intervened, showing his title, and thereupon a decree of partition by consent of the parties was made and entered, whereby Allen was allotted the east half of the east half of said section, and the west half of said section was allotted to the state and her mortgagor, Porter; and a decree of foreclosure was entered as to this latter half of said half section, and sale ordered, and subsequently made, and the state became the purchaser, and the same was then placed upon the books of the commissioner of state lands for sale under the provisions of the statute, and in 1888 Allen purchased the same by paying the sum of $2,300. Allen then instituted this, his action in ejectment, to oust the defendant, Swoope, who was then in possession, and, as alleged in the complaint, had been in unlawful possession for one year next past, to the damage of the plaintiff in the sum of $550.

The defendant, Swoope, answered, and made his answer a cross-bill, setting up that the said lands had been duly forfeited to the state for the non-payment of the taxes of 1866 and 1872, and were placed on the books of the commissioner of state lands as lands for sale, and in 1878, he purchased the southeast quarter of said section, which is the south half of said half section, and thereby became the owner of the same, and took possession thereof in 1879 or 1880; and had continued since that time in peaceable adverse possession of said fractional quarter section; but disclaims all interest in the other quarter section, to-wit: the northeast quarter of said section 15, and denied that he had ever had any interest or sought to assert any therein in any manner. He also averred that he, not having been a party to said partition and foreclosure proceedings, was not bound by them, and therefore still has a right to redeem, having purchased Porter's right of redemption under said tax forfeiture and sale to the state. On his petition the cause was transferred to the equity docket, and plaintiff filed answer to the cross-bill.

During the pendency of this suit in the court below, the plaintiff, Thomas H. Allen, departed this life, and the cause was revived in the name of his children and only heirs at law, who are the appellants named in the record.

On final hearing the complaint and answer to cross-bill were dismissed for want of equity, and the Allens appealed to this court.

Nothing was sold to the state at the tax sale for the non-payment of taxes due on Porter's half interest for the year 1866 and for the year 1872, except Porter's right to redeem from the mortgage, and of course no greater right was purchased by Swoope from the state, but he acquired this right to redeem. *Harrison* v. *Williams*, 39 Ark. 315.

Swoope, being the owner of Porter's equity of redemption at the time of the partition between the state and Allen and the foreclosure by the state of Porter's equity, and not having been made a party to the same, was not bound thereby, and still has the right to redeem Porter's interest as it stood before said proceedings. The Allens, on the contrary, have all the rights of the state as mortgagees and purchasers at the foreclosure sale, without prejudice to the rights of Swoope as stated herein.

The court takes knowledge of the fact that all the tax sales for the non-payment of the taxes of 1872, if the same were made in 1873, are invalid, having been so declared by this court. *McConnell* v. *Day*, 61 Ark. 464. The title of Swoope therefore rests solely on the forfeiture of the lands for the non-payment of the taxes of 1866, against the validity of which forfeiture and sale thereunder to the state, there appears nothing in the record.

His title having accrued long before the partition proceedings between the state and Allen, and before the foreclosure and sale thereunder of the Porter half interest in the said quarter section, Swoope is entitled to redeem said half interest in the same from the mortgage debt.

The decree is therefore reversed and remanded, with directions to the chancellor to permit Swoope to redeem the Porter half interest in said southeast quarter of said section 15 from the mortgage debt by paying to plaintiffs the balance due on same after crediting the same with the proceeds of the sale of the other lands included in the mortgage, giving him a reasonable time in which to do so; and if he does so redeem, since he is the owner of the other half interest by virtue of his tax

purchase from the state, the decree will be entered accordingly, vesting the title to said quarter section in him.

In case the defendant fails or refuses to redeem within the time allowed, then the said quarter section will be partitioned between plaintiffs and defendant, according to their several rights as herein stated, and the mortgage will be foreclosed on the half allotted in said partition to the plaintiffs.

The defendants will pay the costs of this appeal.