DICKINSON *v.* DUCKWORTH.

Opinion delivered February 4, 1905.

1. FORECLOSURE OF VENDOR'S LIEN—REDEMPTION.—Where S sold and conveyed land to D, who gave his note for the purchase money, and afterwards, for a nominal consideration, reconveyed a half interest therein to S, who thereupon sold same to J on credit, and subsequently foreclosed his vendor's lien as to such half interest against D, without making J a party, no presumption of a waiver of the lien for

D's notes arose from the acceptance of J's note for the same land, and the latter is entitled only to redeem upon payment of the balance due on his notes. (Page 142.)

2. SAME—NECESSARY PARTIES.—In a suit to foreclose a mortgage persons holding a subsequent mortgage or other lien on the land are necessary parties. (Page 143.)

3. SAME—RIGHTS OF JUNIOR LIENOR.—A subsequent lienor, or holder of the equity of redemption, after foreclosure of the prior lien, can only claim the right to redeem within a reasonable time, where he was not made party to the foreclosure suit. (Page 143.)

Appeal from Benton Circuit Court in Chancery.

JOHN N. TILLMAN, Judge.

Affirmed.

### STATEMENT BY THE COURT.

H. L. Stroud was the owner in fee of the real estate described in the pleadings, and on March 29, 1888, conveyed the same to J. W. Duckworth for the sum of $5,200, of which $1,200 were paid cash, and the remainder was evidenced by two notes of $2,000 each, executed by the vendee, Duckworth, payable in one and two years, respectively, thereafter, bearing interest at 10 per cent. per annum, and mentioned in said deed. The first of said notes was paid in full. On the 19th day of December, 1891, J. W. Duckworth executed a deed to H. L. Stroud conveying an undivided one-half interest in all the lots unsold at that time for the expressed consideration of one dollar; and on the same day said Stroud conveyed the same property to appellant J. W. Dickinson, the deed reciting a consideration of $1,000 cash and two notes for $1,000 each executed by Dickinson to Stroud, bearing interest at 10 per cent., due in one and two years. It is shown by the proof that the cash payment of $1,000 recited in this deed was not paid in cash, but was paid by Dickinson to Duckworth by conveyance of an interest in lands in another part of the State. On the 9th day of December, 1893, J. W. Duckworth executed to J. P. Duckworth a mortgage on the remaining one-half interest to secure a debt of $1,257.55, and this mortgage was filed for record January 11, 1894; and on the 18th day of February, 1897, he gave

another mortgage on this remaining half interest to appellant J. Wade Sikes to secure a debt of $2,165. About January 2, 1893, appellant Dickinson, who resided in Desha County, sent $200 to Stroud in payment of the interest which fell due December 10, 1892, on his two notes, and on the 14th day of July, 1894, being unable to pay the $2,000 purchase money, notes and interest that had accrued, executed to Stroud a conveyance of his half interest in the property, empowering the latter, in conjunction with other interested parties, to sell the lots and apply the proceeds upon his indebtedness. J. W. Duckworth made sales of lots, Stroud and J. P. Duckworth joining him in conveyance to the purchasers, and in this way Stroud collected the aggregate sum of $1,174.12, which he credited upon the note of J. W. Duckworth, dated March 29, 1888, and also upon the Dickinson notes. No further payments were made by either J. W. Duckworth or appellant Dickinson, and on the 30th day of March, 1898, H. L. Stroud brought suit in equity in the Benton Circuit Court in Chancery against J. W. Duckworth and wife to foreclose his vendor's lien, retained in his deed of March 29, 1888. In this suit J. P. Duckworth was also made a party defendant, and he filed his answer and cross complaint, setting up his mortgage and praying a foreclosure of the same. In that suit H. L. Stroud recovered judgment against J. W. Duckworth for $1,740.47, which was declared a first lien upon all the property; and J. P. Duckworth recovered judgment for $1,801.50, on his cross bill, which was declared a lien on the undivided one-half interest covered by his mortgage, and the property was decreed to be sold to satisfy these claims. At the sale under this decree appellee A. J. Duckworth purchased the property.

Appellants Dickinson and Sikes were not parties to that suit, and on August 12, 1901, appellee A. J. Duckworth commenced this suit against appellants, setting forth the foregoing facts and praying that appellants be required within a reasonable time, to redeem the property from the liens which had been foreclosed, and that in default of such redemption all claims of appellants be cut off. Appellants filed separate answers, which were made cross complaints against the plaintiff and against Stroud and J. W. Duckworth, in which they pleaded

that the Stroud lien for the $2,000 note executed to him by J. W. Duckworth March 29, 1888, as a part of the consideration for the deed· of that date, was merged in and satisfied by the two notes aggregating that sum executed by Dickinson to Stroud December 19, 1891; that the latter notes were barred by limitation, and that the foreclosure sale to appellee Duckworth was void as against them.

The court rendered a decree finding that the amount due upon the purchase money notes of Dickinson to Stroud, including interest to date of this decree, was $2,440, and allowed appellant Dickinson to redeem his undivided half of the property by the payment of that sum; that the amount due upon the mortgage debt of J. W. Duckworth to J. P. Duckworth, including interest to date of decree, was $2,305.45, and allowed appellant Sikes to redeem the undivided one-half interest of the property, upon which he held the subsequent mortgage, by payment of that sum. The decree fixed thirty days from that date (which time was agreed upon between the parties) within which the redemption must be effected, and that, upon failure to make such redemption, all claims of appellants to interest in the property and liens thereon be divested, and the title of appellee Duckworth quieted.

Dickinson and Sikes appealed to this court.

*J. A. Rice,* for appellant J. W. Sikes.

A complaint to quiet title cannot be converted into a foreclosure proceeding.   29 Ark. 637, 500; 49 Ark. 94.

*E. P. Watson,* for appellant Dickinson.

When a greater estate and a lesser estate coincide and meet in the same person in the same right, the lesser estate is merged into the greater.   20 Am. & Eng. Enc. Law (2d Ed.), 588; 2 Perry, Tr. § 348; 6 Johns. Ch. 393; 7 Watts, 20; 2 Cow. (N. Y.) 246. A mortgagor who becomes the owner of the equity of redemption, and then conveys by warranty deed, is estopped from denying a merger of the titles in himself.   20 Am. & Eng. Enc. Law, 1067; 5 Bosw. 378; 20 R. I. 290; 11 Paige, 245; 30 Ark. 153; 42 N. Y. 334; 1 Am. Rep. 532; 5 Watts, 456; 29

N. J. Eq. 396; 6 Johns, 395; 45 Ark. 383; Big. Estop. 294; 19 Am. & Eng. Enc. Law, 1020; 11 How. 297; 9 Wend. 209. Inconsistent acts of a lien holder with right of lien constitutes a waiver of the lien. 91 U. S. 257; 105 N. Y. 234; 59 Am. Rep. 496. The decree as to Dickinson in the case of Stroud *v.* Duckworth is null and void. 9 Enc. Pl. & Pr. 303, 305; Sand. & H. Dig. § § 5630, 5635; 49 Ark. 100; Sand. & H. Dig. § 4100. There could be no accounting between Dickinson and Stroud. 56 Ark. 574. A complaint insufficient for the particular purpose cannot be used for any other purpose. 29 Ark. 637; 49 Ark. 94; 24 Am. & Eng. Enc. Law, 269. The plaintiff can recover only according to his allegations. 25 Ark. 570; 46 Ark. 96; 41 Ark. 393; 9 Enc. Pl. & Pr. 401.

*E. S. McDaniel,* for appellee Duckworth.

Appellee was entitled to the relief sought. 64 Ark. 576. Stroud was not a necessary party. Sand. & H. Dig. § 5720; 35 Ark. 169. Mergers are not favored in courts of law or equity. 76 Am. St. 461, 782; 2 Pom. Eq. Jur. § 791; 12 Or. 483; 49 Am. Dec. 565; 1 Jones, Mortg. 824; 91 N. Y. 475.

*McGill & Lindsey,* for appellee Stroud.

Stroud had the right to foreclose as against Duckworth. 11 Am. & Eng. Enc. Law (2d Ed.), 214, 219, 226, 245, 247.

McCulloch, J., (after stating the facts.)   1. There is nothing in the proof to sustain the contention of appellants that the debt and lien of Stroud against J. W. Duckworth was merged in the notes subsequently executed by Dickinson to Stroud. The testimony of Dickinson does not show any agreement concerning the matter, further than that he was to get a clear and unincumbered title upon the payment of his own notes aggregating a like amount as the Duckworth note. Stroud testifies that he retained the Duckworth note, and credited all amounts received on that note, as well as on the Dickinson notes. No presumption of a waiver of the lien for the Duckworth note arose from the acceptance by Stroud of the Dickinson notes. Both liens were consistent with each other, and Dickinson could not complain except that after payment of his own notes he could,

under Stroud's warranty, have disputed Stroud's right to assert any further lien on the half interest conveyed to him. Inasmuch as he has not paid his notes, and the court below allowed him to redeem by payment of the amount of balance due on his notes and interest, he cannot complain.

Nor can appellant Sikes complain of the decree in this respect, for the reason that he was allowed to redeem the undivided half of the property on which he held a mortgage by payment of the prior mortgage debt of J. P. Duckworth which had been foreclosed. No harm resulted to him by any decree the court might have rendered concerning the Dickinson half of the property. This disposes, for the same reason, of appellants' plea of limitation to the debts in the original foreclosure.

2. It must be conceded that appellants were necessary parties to the foreclosure suit under which appellee Duckworth obtained title, and their rights in the property were not cut off by the sale. Having been omitted from the foreclosure proceedings, what remedy, therefore, remained to them in the assertion of their rights? A right merely to redeem from the lien which had been foreclosed, upon the payment of the debt, or the right to require a foreclosure order and a sale thereunder? While there is some conflict in the authorities, we think that by the decided weight of authority it is settled that a subsequent lienor, or holder of the equity of redemption, after foreclosure against the original mortgagor, can only claim the right to redeem, where he has been omitted from the foreclosure suit. Wiltsie, Mortg. Foreclosures, § 160; *Wiley* v. *Ewing,* 47 Ala. 418; *Corpentier* v. *Brenham,* 40 Cal. 221; *Hodgen* v. *Guttery,* 58 Ill. 431; *Gower* v. *Winchester,* 33 Iowa, 303. This rule was adopted by this court in the case of *Allen* v. *Swoope,* 64 Ark. 576. In that case the appellee Swoope had acquired by purchase at tax sale the equity of redemption of the mortgagor of lands to the Real Estate Bank, and, having been omitted from the foreclosure suit, was held to be entitled only to redeem from the foreclosure sale. This court reversed the cause with directions to enter a decree permitting Swoope to redeem the land within a reasonable time, and, failing to do so, that the title be quieted in the purchaser at the foreclosure sale. That

is just what the court below did in this case, and no question is made as to the reasonableness of the time allowed for redemption, the parties agreeing upon a period of thirty days.

The decree is affirmed.

WOOD, J., not participating.