LIVINGSTON *v.* NEW ENGLAND MORTGAGE SECURITY COMPANY.

Opinion delivered January 6, 1906.

1. LIMITATION—MORTGAGE DEBT.—Where a mortgage was executed under seal prior to passage of the act of March 25, 1889, and contained an express covenant to pay the debt, the period of limitation within which a foreclosure suit could be commenced was ten years from the accrual of the cause of action. (Page 382.)

2. SAME—PLEADING.—The defense of the statute of limitations is waived unless pleaded. (Page 382.)

3. JUDGMENT—CONCLUSIVENESS.—A valid decree in a suit cuts off all defenses which might have been pleaded therein, including the defense of the statute of limitations. (Page 382.)

4. ACTION—SUSPENSION.—The effect of an order of court dropping a cause from the docket with leave to reinstate is not to dismiss or discontinue the suit, but merely to suspend it, the court retaining jurisdiction over the parties and the subject-matter. (Page 382.)

5. SAME—EFFECT OF DISMISSAL.—A dismissal or discontinuance of a suit, though not a final determination of the controversy, is a final ending of the particular suit. (Page 382.)

6. LIMITATION—DISMISSAL AND COMMENCEMENT OF NEW ACTION.—Where a cause is dismissed without prejudice to the right to bring another suit, the statutory bar does not attach, under Kirby's Digest, § 5083, if a new suit is commenced within one year after such dismissal. (Page 382.)

7. JUDGMENT—VALIDITY—PARTIES.—A decree foreclosing a mortgage is not void for failure to make a subsequent purchaser from the mort-

gagor a party, as his only right in the property was an equity of redemption which is not cut off.   (Page 382.)

8.   Same—presumption as to jurisdiction.—Where a suit was brought against Richard C. Ludwick and Mary J. Ludwick, and the summons ran against both of them by name, to which the sheriff made return that he had duly served the within-named Richard C. Ludwick and Mary J. Lind," and the record recites that the defendants were duly summoned, it will be presumed, on collateral attack, that the writ was duly served on both defendants, at least in the absence of extrinsic proof to the contrary.   (Page 383.)

Appeal from Faulkner Chancery Court; Jeremiah G. Wallace, Chancellor; affirmed.

### STATEMENT BY THE COURT.

On January 31, 1884, Richard C. Ludwick and wife, Mary J., executed a mortgage on the land in controversy to secure the payment of a debt to appellee, New England Mortgage Security Company.   The mortgage was under seal, and contained an express promise to pay the debt on January 31, 1889.   A suit in equity was commenced by appellee on March 24, 1897, to foreclose the mortgage, and on March 26, 1900, while the suit was still pending, the court made an order dropping it from the docket "with leave to plaintiff to reinstate the same at any time upon proper showing made."   Three days later appellant, Livingston, purchased the land from the defendants in the suit, and received a deed from them conveying the same to him.   On March 23, 1901, the plaintiff in the suit caused a summons to be issued in regular form, commanding the sheriff to summons the defendants therein, Richard C. Ludwick and Mary J. Ludwick.   The sheriff's return upon the summons, as brought into the record now before the court, states that he had served the same upon "the within-named Richard C. Ludwick and Mary J. Lind."   The court at the next term thereafter made an order reinstating the cause under its orginal number, and at a subsequent term rendered a decree by default against said defendants Richard C. Ludwick and Mary J. Ludwick for the amount of the mortgage debt, and condemned the land for sale by commissioner to satisfy the debt.   The decree recites a finding by the court that said defendants had been duly served with process.   The commissioner of the court proceeded to advertise the land for sale under the decree, and appellant

brought this suit in the chancery court to prevent the sale and to cancel the former decree as a cloud upon his title to the land.    He alleged in his complaint that the mortgage debt was barred by limitation before the original foreclosure suit was commenced, and that the suit was reinstated and the decree rendered without notice to said defendants therein.

Upon final hearing, the court dismissed the complaint for want of equity, and the plaintiff appealed.

*Appellant, pro se.*

1.   There was no service on Mary J. Ludwick.   A default decree against both defendants was void as to both.    4 Ark. 427, 431.

2    Appellant, being in possession of the land, should have been made a party, and, not having been made a party, the decree is not binding on him.    4 Ark. 244; 13 Ark. 101; 27 Ark. 219; 25 Ark. 30; 2 Washburn on Real Prop. § 1176; 64 Ark. 576.

3.   The deed of trust was barred by the statute.

4.   It was incumbent on plaintiff to make the proper showing required by the order dropping the original suit from the docket, or to file a new suit within one year thereafter.   Kirby's Digest, § 5383; 24 Ark. 383.

*Rose & Coleman,* for appellees.

1.   Where a court has acquired jurisdiction of a cause, it retains it until the cause is finally determined.   It may suspend the exercise of the jurisdiction, but the jurisdiction itself is never suspended.   2 Black on Judg. (2 Ed.), § 912; 47 S. W. 171. When a suit is dropped from the docket with leave to reinstate, and is so reinstated, it is as much a pending cause as if it had never been dropped.   78 Va. 32; 74 Tenn. 187; 73 Tex. 76; 81 Tex. 10.   The commencement of the suit stops the running of the statute of limitations.   13 Ark. 269; 52 S. W. 1052.

2.   Appellant was bound by the record.   Appellee was under no obligation to make him a party to the action when reinstated. 2 Black on Judg. (2 Ed.), § 550; 12 Ark. 425; 27 Ark. 229; 93 U. S. 163; 87 S. W. 447.

3.   If the order dropping the case from the docket be construed as a dismissal, a new suit was commenced within a year thereafter.   Kirby's Digest, § 5083; 22 Ark. 103.

McCULLOCH, J., (after stating the facts.) The mortgage was executed under seal, and contained an express covenant to pay the debt. Therefore the period of limitation within which foreclosure suit could be commenced was, under the statute then in force, ten years from the accrual of the right of action. *New England Mortgage Security Co.* v. *Reding,* 65 Ark. 489; *American Freehold Land Mortgage Co.* v. *McManus,* 68 Ark. 263.

The suit was originally commenced within the statutory period. . But, even if it had not been brought within the time required, in order to take advantage of the statute of limitation, it must have been specially pleaded in the foreclosure suit. The decree in that suit, if valid at all, cut off all defenses which might have been pleaded therein. *Church* v. *Gallic,* 75 Ark. 507; *Ward* v. *Derrick,* 57 Ark. 500.

The order of court dropping the case from the docket, with leave to reinstate, was not a dismissal or discontinuance of the suit. A dismissal or discontinuance, though not a final determination of the controversy, is a final ending of that particular suit. Anderson, Dict. *s. v.* "Dismiss," p. 364; "Discontinuance," p. 360; "Nonsuit," p. 712; 14 Cyc. p. 391.

The order made by the court in this case expressly negatives any intention to finally terminate the suit, and the effect of the order was merely to suspend it. The court retained jurisdiction over the parties and subject-matter of the action. *Randolph* v. *Nichol,* 74 Ark. 93, 84 S. W. 1037; 2 Black on Judg. § 912; *Weaver* v. *Ruhm* (Tenn.), 47 S. W. 171; *Sharpe's Ex'or* v. *Rockwood,* 78 Va. 32.

If, however, the order be treated as a dismissal or nonsuit, it was without prejudice to the right to bring another suit. The issuance and service of summons was tantamount to commencement of a new suit, and, having been done within one year after the dismissal, the statute bar did not attach. Kirby's Digest, § 5083.

If it be so treated, the decree was not void because of the failure to make appellant, as subsequent purchaser, a party, so as to cut off his equity of redemption. His only rights in the property, as against the mortgagee, was an equity of redemption. He may still exercise that right, the property not having been sold, but he has not offered to do so. On the contrary, he disputes the

subsisting validity of the mortgage, and seeks to cancel it. This he cannot do. The suit having been commenced against the mortgagors within the period of limitation, the statute bar did not attach. *Less* v. *English,* 75 Ark. 288; *Dickinson* v. *Duckworth,* 74 Ark. 138.

This brings us to the question whether or not the order of reinstatement and the final decree were rendered without notice and void, treating the suit as being either reinstated or commenced anew.

The court expressly found tha. the defendants Richard C. Ludwick and Mary J. Ludwick had been duly summoned, and such finding is recited in the decree. The summons rar against both of said defendants, by name, and the sheriff certified in his return that he had duly served the same upon "the within-named Richard C. Ludwick and Mary J. Lind." No explanation of this variance is given in the record; and, this being a collateral attack upon the decree, we must presume in favor of the court's exercise of jurisdiction over the parties where it is not shown by proof *aliunde* that the writ was not in fact served on both of the defendants. *Boyd* v. *Roane,* 49 Ark. 397; *Hill* v. *State,* 50 Ark. 458; *Porter* v. *Dooley,* 66 Ark. 1; *Porter* v. *Tallman,* 68 Ark. 211.

We find no error in the decree, and the same is affirmed.