LINKE v. KIRK.

4-6761                                                   162 S. W. 2d 39

Opinion delivered May 25, 1942.

*Arthur Sneed,* for appellant.

*E. G. Ward,* for appellee.

GREENHAW, J. On October 24, 1929, J. J. McCord and Helen McCord, his wife, executed and delivered to W. F. Linke their promissory note for $300, payable in six annual installments of $50 each, the first installment becoming due October 24, 1930, and the remaining installments becoming due on October 24 of each year thereafter, the last installment being due October 24, 1935. The note bore interest at the rate of ten per cent. per annum, payable annually after maturity until paid. It provided that if any annual installment was not paid when due all installments might become due and payable immediately, at the option of the holder. This option was never exercised.

To secure the payment of the note, Mr. and Mrs. McCord duly executed and delivered to W. F. Linke their real estate mortgage on a 40-acre tract in Clay county, Arkansas. Thereafter the mortgagors conveyed the mortgaged property to Pearl Spradling. She later conveyed to James M. Holden. Holden conveyed to Noel and Lillian Large, who in turn conveyed the property, on October 29, 1937, to J. F. Kirk, appellee herein.

The mortgage was duly filed for record in November, 1929. No payments were made on this note, and on October 22, 1940, suit to foreclose the mortgage was filed in the Clay chancery court, eastern district. The mortgagors and all subsequent owners of the mortgaged property except appellee were made parties defendant. Summonses were issued for part of the defendants, and a warning order for the nonresident defendants. For some reason appellee, who at that time owned the property and was in possession thereof, was not made a party defendant.

In April, 1941, judgment was entered for the entire amount of principal and interest due on said note, and a decree of foreclosure and order of sale entered. The sale was advertised to take place on July 11, 1941, and on July 7 appellee filed his intervention in this proceeding, in which he contended that the entire indebtedness was barred by the statute of limitation, asked that the decree theretofore entered be set aside and that title to the

property involved be quieted and confirmed in him. Thereafter the court set aside the former decree, and held that the cause of action was barred, dismissed the complaint for want of equity and quieted and confirmed title in appellee, from which is this appeal.

In an action upon a note and to foreclose a mortgage, the five-year statute of limitation is applicable. In the instant case the first five annual installments were clearly barred by the statute of limitation, they having become due on the 24th day of October in 1930, 1931, 1932, 1933 and 1934.

In 34 American Jurisprudence, p. 114, § 142, we find the following statement which supports our holding in this case: "The rule is firmly established that when recovery is sought on an obligation payable by installments, the statute of limitation runs against each installment from the time it becomes due; that is, from the time when an action might be brought to recover it." See, also, *Bush* v. *Stowell, et al.,* 71 Pa. 208, 10 Am. Rep. 694; 17 R. C. L., p. 769, par. 135.

In Wood on Limitations, 4th Ed., vol. 1, p. 731, it is stated: "Where a note or bill is made payable by installments, the statute attaches to and begins to run upon each installment as it becomes due."

The suit to foreclose was filed two days before the last installment would have been barred by the statute of limitation. The fact that appellee, the present owner, was not included as a defendant in the foreclosure suit at the time it was filed, and thereafter intervened in the case a few months more than five years from the due date of the last installment, did not enable him to invoke the statute of limitation as to the last installment.

In *Rowland* v. *Griffin,* 179 Ark. 421, 16 S. W. 2d 457, it was held that a decree foreclosing a mortgage is not void for failure to make a subsequent purchaser from the mortgagor a party, since his only right in the property is an equity of redemption, which is not cut off. To the same effect is *Livingston* v. *New England Mortgage Security Co.,* 77 Ark. 379, 91 S. W. 752.

Having concluded that the lower court erred in failing to render judgment for the sixth installment, includ-

ing interest, and in failing to enter a decree of foreclosure and order of sale, the decree is reversed and the cause remanded with directions to enter a decree in conformity with this opinion.