Odie TOLLETT and Nitta TOLLETT, His Wife
*v.* Lenora TITSWORTH

CA 83-463                               670 S.W.2d 467

Court of Appeals of Arkansas
Division II
Opinion delivered June 13, 1984

*Jacoway & Sherman*, by: *Merl O. Barns*, for appellant.

*Jim O'Hara*, for appellee.

GEORGE K. CRACRAFT, Judge. The sole issue on this appeal from a declaratory judgment is what the rights are of the junior lienholder who has not been made a party to an action foreclosing a first mortgage lien after the sale. The trial court declared that none of the rights of the junior lienholder were affected by the foreclosure to which he was not a party and after the sale became prior and paramount to those of the purchaser. While we agree that a junior lienholder was a necessary party to that action and his rights were not immediately affected by the decree, we do not agree that his lien became paramount to the rights of the purchaser.

The matter was submitted to the trial court on stipulated facts. On June 24, 1980 Larry W. Treadwell and Elaine Treadwell executed in favor of the appellants a first mortgage on a tract of land to secure the unpaid portion of the purchase price. The Treadwells defaulted on the note and appellants commenced this action in foreclosure on March 11, 1981. No *lis pendens* was filed. On March 25, 1981 the appellee Lenora Titsworth obtained a judgment for personal injuries against the Treadwells. The appellants were not aware of the judgment and did not make the appellee a party to the foreclosure action. The foreclosure decree was entered in October 1981 and the land was sold at judicial sale to the appellants on November 5, 1981 for the full amount of debt, cost and attorney's fees. The appellee had no knowledge of the foreclosure action until after the sale.

On learning of the judgment in favor of appellee the appellants sought to bring her into the action but that motion was denied because more than ninety days had expired since the entry of the decree. Appellee subsequently caused a writ of execution to be issued on the property. The

appellants then brought this action for a declaratory judgment to determine the rights and liabilities of the respective parties and seeking a stay of further proceedings in execution pending that determination. When the trial court declared that the right of the junior judgment creditor was superior to that of the appellants, this appeal followed.

It is well settled that, where the owner of real estate has executed a first mortgage on his property, after maturity and before his equity of redemption is foreclosed in equity he retains only the equitable right to perform the conditions of the mortgage. The equity of redemption is considered to be the real and beneficial estate, tantamount to the fee. It is descendible by inheritance and alienable by deed or mortgage the same as if it were an estate of inheritance, and may be taken on execution by judgment creditors. Any person who acquires a claim on the equity of redemption has the same right as the original mortgagor to redeem the legal title in order to protect his interest. *State, Use of Ashley & Watkins* v. *Lawson et al,* 6 Ark. 269, 2 Eng. 269 (1846); *German National Bank* v. *Barham,* 57 Ark. 533, 22 S.W. 95 (1893). Unquestionably junior lienholders ought to be made parties to the foreclosure of the first mortgage in order both to protect their rights and to foreclose their interest in the equity of redemption. Where, as in this case, a junior lienholder is not made a party to foreclosure of the first mortgage, he is not bound by the decree and neither his right to redeem nor his claim on the equity of redemption is extinguished. His status is the same as if there had been no foreclosure action. *Smith* v. *Simpson,* 129 Ark. 275, 195 S.W. 1067 (1917).

It is well settled that in such circumstances a subsequent lienor or grantee of the equity of redemption can only claim the right to redeem from the foreclosure sale. This right must be exercised by tendering into the court the entire amount of the debt for which the mortgage was foreclosed within a reasonable time of the sale. *Skelly Oil Co.* v. *Johnson,* 209 Ark. 1107, 194 S.W.2d 425 (1946); *Harrison* v. *Bank of Fordyce,* 178 Ark. 760, 12 S.W.2d 400 (1929); *Prouty* v. *Guaranty Loan & Trust Co.,* 174 Ark. 12, 294 S.W. 362 (1927); *Smith* v. *Simpson,* 129 Ark. 275, 195 S.W. 1067

(1917); *Longino* v. *Ball-Warren Commission Company,* 84 Ark. 521, 106 S.W. 682 (1907); *Livingston* v. *New England Mtge. Security Co.,* 77 Ark. 379, 91 S.W. 752 (1906); *Dickinson* v. *Duckworth,* 74 Ark. 138, 85 S.W. 82 (1905); *Allen* v. *Swoope,* 64 Ark. 576, 44 S.W. 78 (1898).

The difficulty in each case arises in determining how long this right to redeem by a junior lienholder continues to exist. In *Skelly Oil Co.* v. *Johnson, supra,* it was stated that in the absence of a statute equity will allow redemption "within a reasonable time," and what is reasonable depends on the pleas interposed, the facts and equities in each case.

It is clear from these cases that a junior lienholder such as this appellee who comes into court for the purpose of asserting his lien upon the equity of redemption must first exercise his right to redeem by tendering the proceeds of the entire debt for which the first mortgage was foreclosed within a reasonable time to be set by the court. This cause is therefore reversed and remanded for a determination by the court of a reasonable time during which this right may be exercised and entry of a decree which provides that if that right is not exercised within a reasonable time, the title acquired by the appellants at the foreclosure sale will be vested in them free and clear of the judgment lien of the appellee.

Reversed and remanded.

COOPER and CLONINGER, JJ., agree.