**In re Herbert E. RUSSELL, Debtor.**

**Bankruptcy No. ED 84–58M.**

United States Bankruptcy Court,
W.D. Arkansas,
El Dorado Division.

Oct. 19, 1989.

**360**

Geoffrey B. Treece, Little Rock, Ark., for the Furrows.

Susan Gunter, Little Rock, Ark., for debtor.

William R. Gibson, Fayetteville, Ark., Trustee.

## ORDER

JAMES G. MIXON, Bankruptcy Judge.

On July 18, 1984, Herbert E. Russell filed a voluntary petition for relief under the provisions of chapter 11 of the United States Bankruptcy Code. Hon. William R. Gibson was appointed trustee in the chapter 11 case on March 19, 1985. The trustee has objected to the claim filed by Arthur Furrow, Mary Furrow, Walter Furrow and Naomi Furrow (the Furrows).

This is a core proceeding pursuant to 28 U.S.C. § 157(b)(2)(B), and the Court has jurisdiction to enter a final judgment.

The Furrows and other family members sold approximately 832 acres of farmland to the debtor on June 19, 1981, for a purchase price of $790,400.00. The debtor made a $40,000.00 down payment and executed two promissory notes totaling $750,-400.00 for the balance of the purchase price. Payment of the notes was secured by a first deed of trust lien in the property. On the day the debtor filed his petition in bankruptcy, a balance of $598,691.72 remained unpaid on the note. The Furrows subsequently filed for relief from the stay and in February 1985 presented evidence at the hearing that the value of the 832 acres was between $624,000.00 and $707,200.00. By order of this Court entered February 26, 1985, relief from the stay was granted, although the property was not abandoned from the estate. On March 26, 1985, the Furrows filed a foreclosure suit in the Chancery Court of Monroe County, Arkansas, naming the debtor as a defendant. The trustee was never made a party to the suit. A foreclosure decree in favor of the Furrows was entered on January 30, 1986, and a foreclosure sale was conducted on February 27, 1986. The Furrows, as the sole bidder, purchased the property for $140,000.00 at the foreclosure sale. Their claim against the estate is for an alleged deficiency of $441,170.72.[1]

The trustee alleges that the price paid for the property at the foreclosure sale was unconscionably low and that the Furrows should not be entitled to a claim for the deficiency. The Furrows argue that the issue of unconscionability was determined in the state court proceeding and that the prior determination bars any reconsideration of the issue under the doctrine of *res judicata*.

[1–3] In allowing and disallowing claims of creditors, bankruptcy courts are generally precluded from reconsidering questions previously determined in a non-bankruptcy forum under principles of collateral estoppel and *res judicata*. *Heiser v. Woodruff*, 327 U.S. 726, 733, 66 S.Ct. 853, 856, 90 L.Ed. 970 (1946); *Kapp v. Naturelle, Inc. (In re Kapp)*, 611 F.2d 703, 708 (8th Cir.1979). Collateral estoppel bars relitigation of issues which were directly and necessarily adjudicated in a prior proceeding; whereas, res judicata bars relitigation of issues which were litigated or could have been litigated in the prior proceeding. *Lovell v. Mixon*, 719 F.2d 1373, 1376 (8th Cir.1983). However, both doctrines require that the same parties or their privies participate in the prior proceedings.

---

**1.** Claim of $598,691.72 less $140,000.00 sale proceeds and less $17,521.00 received in rents.

*Bailey v. Harris Brake Fire Protection District,* 287 Ark. 268, 269–70, 697 S.W.2d 916, 917 (1985).

■ For a party to be precluded from relitigating an issue, he must have had a "full and fair opportunity" to litigate the issue in the prior proceeding. *Id.; Lovell v. Mixon,* 719 F.2d at 1376; *Arkla Exploration Co. v. Texas Oil & Gas Corp.,* 734 F.2d 347, 356 n. 12 (8th Cir.1984), *cert. denied,* 469 U.S. 1158, 105 S.Ct. 905, 83 L.Ed.2d 920 (1985). If a nonparty could have intervened in a prior proceeding, but chose not to, he will not be bound by the prior judgment. *Gratiot County State Bank v. Johnson,* 249 U.S. 246, 249–50, 39 S.Ct. 263, 263–64, 63 L.Ed. 587 (1919). *See Chase Nat'l Bank v. City of Norwalk,* 291 U.S. 431, 441, 54 S.Ct. 475, 479, 78 L.Ed. 894 (1934); *Mixon v. Barton Lumber & Brick Co.,* 226 Ark. 809, 817, 295 S.W.2d 325, 329 (1956).

■ Here, the trustee was never made a party to a state court foreclosure proceeding involving estate property. Title to the property was vested in the estate, and the trustee was the only authorized individual through whom the estate could act. 2 *Collier on Bankruptcy* ¶ 323.01 (15th ed. 1989); 11 U.S.C. § 323(a); 11 U.S.C. § 1107(a); Bankruptcy Rule 2012(a). Since the estate was the owner of the property and was not made a party in the foreclosure suit, the estate is not bound by the factual determination in the foreclosure decree.

> A decree of foreclosure is a nullity as to the owner of the equity of redemption not made a party to the action; and as a general rule, a foreclosure decree does not conclude an interested person who is not made a party to the proceeding.... Generally, the mere fact that one has notice of the pendency of a foreclosure suit does not make him a party thereto, or make the decree binding on him.

55 Am.Jur.2d *Mortgages* § 570 (1971) (footnotes omitted). *See Dickinson v. Duck-*

*worth,* 74 Ark. 138, 143, 85 S.W. 82, 84 (1905); *Martin v. O'Bannon,* 35 Ark. 62, 67 (1879); *Tollett v. Titsworth,* 12 Ark. App. 21, 23, 670 S.W.2d 467, 469 (1984). *See also Arkansas Iron & Metal Co. v. First Nat'l Bank of Rogers, Arkansas,* 16 Ark.App. 245, 251, 701 S.W.2d 380, 383–84 (1985) (corporation, which could act only through its representatives, held title to corporate property and was proper party to be sued in suit to foreclose corporate mortgage).

■ If the trustee had been made a party in the state court proceeding, he would have had an opportunity to challenge the deficiency resulting from the sale. Since no service was obtained on the trustee, the state court had no jurisdiction to adjudicate the trustee's interest in property of the bankruptcy estate. *See Ingram v. Luther,* 244 Ark. 260, 267, 424 S.W.2d 546, 553 (1968). Therefore, the bankruptcy court is not precluded from examining the circumstances resulting in the claim against the estate. *See Heiser v. Woodruff,* 327 U.S. at 736, 66 S.Ct. at 857; *Pepper v. Litton,* 308 U.S. 295, 305–06, 60 S.Ct. 238, 244–45, 84 L.Ed. 281 (1939). The court has the power to disallow claims, in part or entirely, that would not be fair or equitable to other creditors. *Pepper v. Litton,* 308 U.S. at 308–09, 60 S.Ct. at 246; *In re Distrigas Corp.,* 75 B.R. 770, 774 (Bankr.D.Mass. 1987).

■ In 1981, the debtor purchased the subject property for $790,400.00. On February 14, 1985, a real estate appraiser estimated the value of the property to be between $624,000.00 and $707,200.00.[2] On October 1, 1985, after a complete appraisal of the property at the request of the Furrows, the same appraiser placed the market value of the property at $561,000.00. Five months later, the Furrows purchased the property at the foreclosure sale for a credit of $140,000.00 on the debt and received title to the property.

**2.** Although under 11 U.S.C. § 506(a) a previous determination of value by the court is not binding in a subsequent proceeding, the proof presented by the parties is persuasive evidence

of what they consider the property to be worth. *See In re Hemisphere International Center, Inc.,* 59 B.R. 289, 293 (Bankr.S.D.Fla.1986).

362

■ The testimony at the hearing on the objection to the claim indicated that the Furrows believed the amount paid at the foreclosure sale was reasonable because of the difficulty in selling land at that time and because the price approximated the amount of an investment which would produce the return the Furrows had been receiving on the property. The Furrows' appraiser testified that since the October 1985 appraisal, the property had probably declined slightly in value because of the depressed market; however, other evidence indicated that since the appraisal the property had produced higher crop yields than it had in the preceding years. No evidence was presented of the fair market value on the date of the foreclosure sale.

11 U.S.C. § 501(a) allows a creditor to file a proof of claim in a case. 11 U.S.C. § 502(a) provides that a claim, proof of which is filed under § 501, is deemed allowed unless a party in interest objects. *See* 3 *Collier on Bankruptcy* ¶ 502.01[2] (15th ed. 1989). Bankruptcy Rule 3001(f) states the evidentiary effect of the filing of a proof of claim:

A proof of claim executed and filed in accordance with these rules shall constitute prima facie evidence of the validity and amount of the claim.

The procedures applicable in claims litigation were stated in *California State Board of Equalization v. Official Unsecured Creditors' Committee (In re Fidelity Holding Co., Ltd.),* 837 F.2d 696, 698 (5th Cir.1988):

Under Bankruptcy Rule 301(b), [identical to current Bankruptcy Rule 3001(f) ] a party correctly filing a proof of claim is deemed to have established a prima facie case against the debtor's assets. *In re WHET, Inc.,* 33 B.R. 424, 437 (Bkrtcy.D. Mass.1983). The objecting party must then produce evidence rebutting the claimant or else the claimant will prevail. *Id.* at 437. If, however, evidence rebutting the claim is brought forth, then the claimant must produce additional evidence to "prove the validity of the claim by a preponderance of the evidence." The ultimate burden of proof always rests upon the claimant.

*See Surf Walk Condominium Ass'n v. Wildman,* 84 B.R. 511, 515 (N.D.Ill.1988); *In re Koontz Aviation, Inc.,* 71 B.R. 608, 610 (Bankr.D.Kan.1987); *In re Distrigas Corp.,* 75 B.R. 770, 772–73 (Bankr.D.Mass. 1987); *In re VTN, Inc.,* 69 B.R. 1005, 1008 (Bankr.S.D.Fla.1987); *In re Fogelberg,* 79 B.R. 368, 372 (Bankr.N.D.Ill.1986); *In re Century Inns, Inc.,* 59 Bankr. 507, 522 (Bankr.S.D.Miss.1986); 3 *Collier on Bankruptcy* ¶ 502.01[3] (15th ed. 1989).

In this case, the objecting party established that the Furrows purchased the property for a credit of only $140,000.00 against their debt only a year after their expert witness testified that the property had a fair market value of $624,000.00 to $707,200.00. Although given a specific opportunity to establish that the land had significantly decreased in value between the date of the hearing for relief from the stay and the date of the foreclosure the claimant offered no persuasive evidence that the value had decreased. The evidence supports the conclusion that the deficiency claim is unconscionable because the Furrows have recovered their collateral which has a value equal to their claim.

Therefore, the objection to the Furrows' claim is sustained.

IT IS SO ORDERED.