IMBODEN *v.* TALLEY.

Opinion delivered November 28, 1921.

1.  ESTOPPEL—KNOWLEDGE OF IMPROVEMENTS BEING MADE.—The mere fact that a prior lien-holder knew that his lien-debtor was buying material to build a house on land the subject of the lien did not estop the former from asserting his lien as against the person furnishing the material.

2.  VENDOR AND PURCHASER—FORECLOSURE OF LIEN—RIGHTS OF JUNIOR LIENOR.—A junior lienor who was not made a party to

a suit by a vendor to divest the rights of a purchaser of land for non-payment of the purchase money was not bound by the decree, and may redeem from the prior lien, but is not entitled to have another foreclosure of the vendor's lien.

Appeal from Conway Chancery Court; *W. E. Atkinson,* Chancellor; affirmed.

*Strait & Strait,* for appellant.

One who misleads by his acts, declarations or admissions, or by failing to speak or act when he should, with wilful disregard of the interest of others, will not be allowed to afterwards come in and assert his rights to the detriment of the person misled. 33 Ark. 465; 50 Ark. 128; 83 Ark. 554; 85 Ark. 156; 94 Ark. 354; 97 Ark. 49.

Appellant's mortgage lien, to the extent of the money furnished, was superior to any claim of appellee. C. & M. Digest, § 6909. See also 64 Ark. 503; 55 C. C. A. 579.

*Gordon & Dunn,* for appellee.

The appellant failed to comply with section 6922 and section 6926 of C. & M. Digest. The lien was not filed in the time required. 32 Ark. 59. The statute was not substantially complied with. 119 Ark. 44.

McCulloch, C. J. Appellee owned a small tract of land at or near the village of Menifee in Conway County, and on July 17, 1919, he entered into a written contract with one McCray for the sale of the land at the price of $325, of which $60 was paid in cash, and the balance was to be payable in installments. Appellant was engaged in the business of selling lumber and other building material, and he sold to McCray material at the price of $609 to use in building a house on the land which he had contracted to purchase from appellee. This material was hauled from appellant's place of business in Morrilton, and was used in constructing a house on the land purchased by McCray from appellee. Appellee did the hauling for McCray for a price agreed upon between those parties. Nothing was paid on appellant's account for the building material, nor did McCray make any further payments on his contract

with appellee for the purchase of the land. Appellant did not file his lien as prescribed by statute, but on December 20, 1919, McCray and his wife executed a mortgage on the land to appellant to secure the debt. Subsequently appellee instituted an action in the chancery court of Conway County against McCray and his wife to declare a forfeiture under the contract and to divest all interest of McCray out of the property and quiet the title of appellee. Appellant was not a party to that suit. The chancery court rendered a final decree on September 20, 1920, in accordance with the prayer of the complaint, quieting appellee's title, neither of the defendants having made appearance in the action. Subsequently appellant instituted this action in the chancery court of Conway County against McCray and wife to foreclose his mortgage. In some way not disclosed by the record now before us, appellee got to be a party to that suit. He was so treated, and filed an answer, no question being raised here as to appellee having been properly brought into the case.

The relief sought by appellant against appellee is that the latter's lien on, or title to, the land be subordinated to his (appellant's) mortgage debt on the alleged ground that appellee, by reason of having stood by and permitted appellant to furnish the material for building a house, is estopped to assert any claim or title.

The case was heard on depositions of the witnesses and documentary evidence introduced, and the court found that McCray and wife were indebted to appellant in the sum of $609 with interest from December 20, 1919, and decreed recovery of that amount as against said McCray and wife, but decreed that appellee's right and title to the property was superior to appellant's claim, and that appellant was only entitled to a foreclosure by paying to appellee the amount of the original indebtedness of McCray and wife to him, which was found by the court to amount to the sum of $260 with interest from July 17, 1919, and appellant was decreed the right to redeem by payment to appellee of the neces-

sary sum on or before January 1, 1922. The decree provided that, if said sum be paid to appellee on or before the day mentioned, appellee's title be divested, and that appellant's mortgage be foreclosed by sale to be made by the court's commissioner.

The contention of appellant is that appellee is estopped by reason of the fact that in hauling the material for McCray he lent his assistance to the procurement of the building material and led appellant to believe that McCray had a clear title to the property on which the house was to be built. Appellant also testified that appellee told him that McCray was the absolute owner of the land. This, however, was denied by appellee, who testified that he made no such statement to appellant, nor any other statement which was calculated to induce appellant to believe that McCray had absolute title to the property, or that he (appellee) did not have any lien on it. Appellee testified that, after making the sale to McCray, the latter employed him at so much per load to haul the building material, and that McCray claimed that he had the money with which to pay for the material. McCray's wife also testified as a witness in the case, and she stated that she had $450 in money and gave it to her husband to use in paying for the building material and thought that the material was paid for.

There is a conflict of testimony, but our conclusion is that the finding of the chancellor to the effect that appellee was not guilty of any conduct which would work an estoppel on his part is not against the preponderance of the testimony. That being true, appellee's rights are superior to appellant's mortgage lien. Appellant was not, however, a party to the suit against McCray and wife in which their rights in the property were divested, and he is not bound by that decree. Appellant was a junior lienor and a necessary party to any proceedings to divest the title. Having been omitted from that decree, the only remaining question which arises in the present litigation is, what are his rights now? There was no appeal by McCray or wife from the former de-

cree, and that has become final as against them. The effect of the decree was to divest the title out of McCray, and, since it is found that appellee's lien was superior to that of appellant, the latter's only remedy is to redeem from that lien by payment of appellee's original debt with interest. *Dickinson* v. *Duckworth,* 74 Ark. 138; *Longino* v. *Ball & Warren Commission Co.,* 84 Ark. 521.

It is unimportant to inquire whether the decree was correct in appellee's suit against McCray and wife in divesting the title, instead of directing a foreclosure of the lien. The decree being unappealed from, it is a final adjudication of the rights of the parties to it, and, as before stated, appellant's only remedy is to redeem from the prior lien. The rule would not be altered by the fact that under the former decree the relief granted was improper. Under the authorities just cited, appellant was not entitled to have another foreclosure of the lien, for, in order to preserve his own equities, he is compelled to do equity by discharging the superior lien. The court has given him ample opportunity to do this, and the time allowed has not yet expired.

We find no error, therefore, in the proceedings, and the decree is affirmed.