BRUMMETT *v.* DEAN.

Opinion delivered October 24, 1927.

MORTGAGES—ESTOPPED FROM ENFORCING LIEN.—A mortgagee who accepted payment on the secured debt out of the proceeds of a conveyance of an interest in the property, without notifying the grantee that he did not intend thereby to release the security of his mortgage, was not estopped from asserting and enforcing his mortgage in a suit to foreclose it, where he had done nothing to induce the purchase.

Appeal from Ouachita Chancery Court, Second Division; *George M. LeCroy,* Chancellor; reversed.

*T. J. Gaughan, J. T. Sifford, J. E. Gaughan* and *Elbert Godwin,* for appellant.

*McKay & Smith,* for appellee.

SMITH, J. On November 18, 1919, M. L. Allen conveyed a tract of land to W. M. Dean, reserving an undivided one-half interest in the mineral rights. Dean

became indebted to H. L. Curry, and, to secure this indebtedness, executed, on April 13, 1921, a deed of trust conveying his entire interest in the land, including the mineral rights. The deed of trust was duly recorded.

On February 6, 1926, Dean conveyed to J. M. Smith, trustee, an undivided one-quarter interest in the mineral rights, and received as the consideration therefor the sum of four hundred seventy ($470) dollars. Dean deposited this money in a bank, and advised Curry of that fact, and told him at the time that $300 of the purchase money would be applied to the payment of the indebtedness secured by the deed of trust, which was then past due. Curry said "That is all right," and received the $300 and credited that payment on Dean's indebtedness secured by the deed of trust. On May 21, 1923, Smith, as trustee, conveyed to W. A. Graves the undivided one-fourth interest in the mineral rights which had been conveyed to him by Dean. The balance secured by the deed of trust from Dean to Curry was not paid, and, on April 5, 1926, Curry brought suit to foreclose that instrument. Graves and Smith became parties to that suit, and filed an answer, in which they alleged that Curry was estopped from asserting the lien which he sought to foreclose by reason of the acceptance of the $300 from Dean, and the court sustained that plea and rendered a decree accordingly, and this appeal questions only that finding.

It is not contended that Curry was aware of the proposed purchase of the interest in the mineral rights by Smith, trustee, from Dean, or that he did anything which induced that conveyance. On the contrary the court found the fact to be that "H. L. Curry had no knowledge of the sale of said mineral rights to the said J. B. Smith until after the sale had been made and completed, but knew of same at the time said payment of $300 from the proceeds thereof was made to him by said Dean."

It is contended that Curry should not have accepted the $300, which he knew Dean had derived from the sale of this interest, without first advising Smith that he did not intend thereby to release the security of his deed of

trust, and it is further insisted that, if Curry had so advised Smith, the latter might have protected himself by demanding a return of the money then in the bank, the conveyance to him having been by warranty deed, and that Smith would not later have conveyed this interest to W. A. Graves by warranty deed, which he did do for the sum of $940.

We do not concur in the view that appellant Curry is estopped from asserting the validity of his deed of trust. Smith had constructive knowledge, at least, of that instrument, and of course took title subject to it, and did this without being induced so to do by Curry. He had the right to buy this interest with or without obtaining Curry's consent, and Dean had the right to sell, subject to the deed of trust, without obtaining Curry's consent. It does not appear, at least the court did not find, that Curry did anything which might have influenced Smith's conduct, except to fail to notify him that he had accepted the $300, but did not intend that action to be construed as a waiver of the security of his deed of trust. But Curry was under no such duty. He made no representations of any kind, and merely accepted the payment, which Dean had the right to make, from whatever source it might have been derived, and the full amount of that payment was credited on the indebtedness which the deed of trust secured.

The case of *Imboden* v. *Talley*, 150 Ark. 567, 234 S. W. 991, is in point. Talley owned a tract of land which he contracted to convey to McCray, who bought building material from Imboden to be used in erecting a house on the land. The testimony was conflicting as to whether Talley told Imboden that McCray was the absolute owner of the land, and the finding to the contrary was held not to be against the preponderance of the testimony. The testimony showed that Talley had hauled the building material, which he knew McCray had purchased from Imboden to be used in the building, and it was contended that the latter's title should be subordinated to Imboden's mortgage debt incurred in the purchase of the building

material, on the alleged ground that Talley, by reason of standing by and permitting Imboden to furnish the material, was estopped from asserting his title. We held to the contrary.

In the case of *Davis* v. *Neal*, 100 Ark. 399, 140 S. W. 278, L. R. A. 1916A 999, a syllabus reads as follows:

"Mere silence will not estop a party to claim land unless, in some way, the party relying on the estoppel is put to disadvantage by the action of the party said to be estopped."

We think there was nothing in Curry's conduct which estopped him from asserting and enforcing his deed of trust, and the decree of the court below will be reversed, and the case remanded with directions to overrule the plea of estoppel.