GRINNELL COMPANY, INC., v. BREWER.

Opinion delivered May 8, 1922.

1. APPEAL AND ERROR—FINALITY OF DECREE.—Where, in a receiver-
ship proceeding against an insolvent corporation, an injunction
against the enforcement of an execution was granted, and the
execution creditor intervened and moved to dissolve the injunc-
tion, the decree refusing to dissolve it was final on that branch
of the case and appealable, though the proceeding in insolvency
had not been finally adjudicated.

2. CORPORATIONS—JUDGMENT AGAINST INSOLVENT CORPORATION.—Un-
der Crawford & Moses' Dig., § 1800, relative to preferences by
insolvent corporations, a judgment and execution may be set
aside on complaint made within 90 days, though the judgment
was obtained and the execution issued before the corporation
was declared insolvent, and was not in contemplation of in-
solvency.

Appeal from Phillips Chancery Court; *A. L.
Hutchins,* Chancellor; affirmed.

*A. D. Whitehead,* for appellant.

Before the enactment of sections 1798 to 1801,
C. & M. Dig., *bona fide* preferences in favor of creditors
were valid, 57 Ark. 22; and since those sections were

enacted the preferences that are inhibited are made in contemplation of insolvency. 114 Ark. 31.

Meaning of the term "in contemplation of insolvency." 114 Ark. 31; 22 Cyc. p. 1290.

Receiver took the property subject to all the equities existing against it in the hands of the debtor. 97 Ark. 536. The judgment was taken against the debtor in good faith (98 Ark. 298), and does not operate as a preference within the meaning of the statute. 98 W. S. 512; 59 Ark. 582. The statute does not apply to a seizure of property to enforce execution. 89 Ark. 213; 87 Ark. 521; 75 Me. 396; 6 H. & J. 454; 53 Vt. 447.

The judgment lien, 47 Conn. 408; 146 W. S. 499; 91 Tenn. 336; 114 Mo. 651. Object of insolvency statutes, 98 W. S. 512.

*Jacob Fink*, for appellee.

The appeal should be dismissed because it is premature. 89 Ark. 162. The right of appeal is limited to final judgments and decrees, 39 Ark. 82; 52 Ark. 227; but it may be prosecuted where a distinct and severable branch of the cause is finally determined. 23 Ark. 421; 25 Ark. 129. The order is not final unless it concludes the rights of the parties. 5 Ark. 398; *Id.* 409; 100 Ark. 500.

The statute, except as to instances mentioned therein, contemplates an equal division of the insolvent's property among its creditors. 67 Ark. 11. A conveyance that has the effect of giving a preference is void as to other creditors. 124 Ark. 431. The receiver takes the property subject to contract liens, and not execution liens, 97 Ark. 537; *Id.* 61. It is only in the absence of a statute that a levy by attachment or execution creates an interest superior to that of an assignee in insolvency. 122 Cal. 632; 117 Cal. 473; 99 Cal. 579.

HUMPHREYS, J. This is an appeal from a decree of the Phillips Chancery Court refusing to set aside an injunction against appellant prohibiting it from enforcing an execution and levy upon the property of the

Thale Mill & Box Company, obtained by appellant against said company in the circuit court of said county on the 25th day of October, 1921. O. C. Brewer, the appellee herein, was appointed receiver of the said Thale Mill & Box Company on November 28, 1921, upon the application of C. S. Fitzpatrick, one of the stockholders in said Thale Mill & Box Company, in a receivership proceeding under sections 1798 to 1801, inclusive, of Crawford & Moses' Digest. The petition for the receivership alleged, in substance, that the Thale Mill & Box Company was unable to pay its indebtedness and has ceased to function; that its stockholders and directors had adopted a resolution directing that the affairs of the corporation be placed in the hands of a receiver; that in October, 1921, appellant had obtained a judgment against the insolvent corporation and procured an execution and levied the same upon its property. The prayer of the petition was that all the property of the defunct concern be placed in the hands of a receiver and converted into money for the payment of its creditors, that all creditors be required to file their claims within the time provided by the statute, and that appellant be restrained from enforcing its execution and levy against the property of the insolvent corporation.

The Thale Mill & Box Company, through its president and secretary, filed an answer admitting its insolvency, and joined in the prayer of the petition of C. S. Patrick for a distribution of the assets of said company among its creditors. Thereupon the court appointed O. C. Brewer receiver of said insolvent corporation and directed him to take charge of its assets, and to distribute the proceeds thereof among the creditors who filed their claims with the receiver within ninety days, as provided by the insolvency act aforesaid. The court also enjoined appellant from enforcing its execution and levy against the property of the insolvent corporation. On the following day appellant filed a motion praying that the injunction against it be dissolved and that it be permitted to pro-

ceed to enforce its execution and levy against the property of said corporation. The court entered a decree refusing to dissolve the injunction, from which is this appeal.

Appellee has filed a motion in this court to dismiss the appeal upon the ground that the decree refusing to dissolve the injunction was interlocutory and not final. The decree of injunction, which the court refused to set aside, in effect finally decided the title and right to the possession of the property which had been levied upon under appellant's execution as between the receiver of the defunct corporation and appellant. It is true the proceeding in insolvency had not been finally adjudicated, but the title and the right to the possession of the property in question was a separate branch of the case. The appellant claimed it under an execution lien, and the receiver by virtue of the proceedings in insolvency. Appellant intervened in the suit for it, and the issue joined upon the intervention was adjudicated against him. The decree upon this distinct and several branch of the case was final and appealable. *Davie* v. *Davie,* 52 Ark. 224; *Seitz* v. *Meriwether,* 114 Ark. 289.

Appellant's contention for reversal is that its judgment was obtained and execution issued thereon before the Thale Mill & Box Company was declared an insolvent corporation and was not acquired in contemplation of the insolvency of said corporation, and for that reason its lien is prior and paramount to the claim of the other creditors of said corporation. While there is nothing in the evidence to indicate that appellant acquired its judgment and execution lien in contemplation of the insolvency of said corporation, yet the judgment was obtained and the execution thereon issued and levied within ninety days before the proceeding in insolvency was instituted. Appellant bases its contention upon section 1800 of Crawford & Moses' Digest, which it interprets to mean that only preferences obtained by judgment, execution and levy acquired in contemplation of insolvency shall be set aside at the instance of proper parties within ninety days after same were obtained. This is not the

correct construction of section 1800. It was otherwise interpreted by this court in the case of *Miners' & Citizens' Bank v. Maxine Mining Co.*, 150 Ark. 653. The court said in that case: "Section 1800 (referring to Crawford & Moses' Digest) provides that every preference obtained or sought to be obtained by any creditor of such corporation, whether by attachment, confession of judgment, or otherwise, shall be set aside by the chancery court, and such creditor shall be required to relinquish his preference and accept his pro rata share in the distribution of the assets of such corporation, provided that no such preference shall be set aside unless complaint thereof be made within ninety days after the same is given or sought to be obtained."

The decree is therefore affirmed.