ROBERTSON v. YARBROUGH.

Opinion delivered October 1, 1923.

1. APPEAL AND ERROR—FINAL JUDGMENT.—A decree dismissing for want of equity a complaint seeking to have plaintiff's title to certain land quieted and granting the prayer of cross-complainants for the quieting of their title is, so far as the title to the land is concerned, a final decree and appealable, though it reserved for future consideration a claim by plaintiff for taxes paid.

2. APPEAL AND ERROR—FINAL JUDGMENT.—A decree in an action to quiet title allowing plaintiff's claim for taxes, but failing to specify the amount due, is incomplete so far as recovery of the taxes is concerned, and therefore is not final or appealable as to such allowance.

Appeal from Lee Chancery Court; *A. L. Hutchins,* Chancellor; appeal dismissed.

*E. D. & Jas. Robertson* and *Daggett & Daggett,* for appellant.

*H. F. Roleson* and *C. W. Norton,* for appellee.

PER CURIAM: Appellant, claiming title to a certain tract of land in Lee County by inheritance and also by an additional chain of title under judicial sale, instituted this action in the chancery court of Lee County against appellees to quiet her title against asserted claims of appellees. In an amendment to the complaint there was a prayer for a lien for taxes in the event the decision of the court was adverse to appellant's claim of title. Appellees answered, denying the allegations of the complaint with respect to appellant's assertion of title, and also pleaded the statute of limitations. Appellees also filed a cross-complaint alleging that they were the owners and in actual possession under a probate sale of the title of appellant's ancestor, and prayed that their title be quieted.

The record shows that a decree was rendered by the court on November 16, 1920, finding against appellant on her assertion of title and dismissing her complaint for want of equity, and sustaining the cross-complaint of appellees by quieting their title, ''except as to taxes paid herein on the twenty-five acres in controversy, together with interest thereon at six per cent. per annum, paid by plaintiff, for which judgment is rendered against defendant, and the court retains jurisdiction of this cause for the purpose of ascertaining the amount of same.'' The court also rendered judgment against appellant for costs of the action.

There was another entry of a decree on November 20, 1922, in substance the same as the former decree entered on November 16, 1920, except that, instead of reserving the case for ascertainment of the amount of taxes, the court proceeded to ascertain the amount, but the amount is not stated in 'the decree—the blank for that purpose is unfilled as the record appears before us. The last entry concludes with the following paragraph: ''And it appearing that this decree was rendered in part on November 16, 1920, and in part on the 18th day of

October, 1922, it is hereby ordered to be entered *nunc pro tunc.*"

The present appeal was granted by the clerk of this court on May 17, 1923. Counsel for appellees have filed a motion to dismiss the appeal on the ground that it was not prosecuted within the time allowed by statute, that is to say, within six months from the date of the final decree.

This court is of the opinion that the decree of November 16, 1920, was final and appealable, except as to the lien for taxes, and that the appeal granted by the clerk of this court was too late. This subject is fully discussed in the case of *Davie* v. *Davie,* 52 Ark. 224, and the questions as to what constitutes a final judgment or decree are set at rest. It was settled in that case that a decree is final "where a distinct and severable branch of the cause is finally determined, although the suit is not ended," though "the unnecessary splitting of causes by courts of chancery creates confusion and difficulty in practice, and is condemned."

A consideration of the substance of the decree makes it clear that there was a complete and final determination of the cause so far as it related to appellant's assertion of title in her complaint and the assertion of title made by appellees in their cross-complaint. The court dismissed appellant's complaint for want of equity and granted the prayer of the cross-complaint of appellees so far as it related to the title to the land.

The case cited above also declares the law on this subject to be that, where the decision of the court only settled matters of law or fact preparatory to the final adjudication of the rights of the parties without awarding the relief sought, but leaving it to further investigation to determine the extent of the relief, the decree is not final. In the present case, however, the relief was complete and left nothing further to be done towards awarding to appellees the fruits of the decision. Appellees were in possession of the property, and the court quieted their

title and dismissed the complaint of appellant. Nothing further was necessary to carry the decree into effect. The reservation of jurisdiction of the court for the purpose of ascertaining the amount of the taxes had no relation to the settlement of the right to the property, except the extent of the alternative relief asked and prayed for by appellant for recovery of taxes. The decree was not final as to that matter, but was final as to the other matters adjudicated.

It follows therefore that the appeal must be dismissed as to all matters covered by the decree entered on November 16, 1920.

There is a controversy between the parties as to the conclusion to be drawn from the record as to the date of the last decree, appellees asserting that, according to the record, the decree was pronounced on October 18, 1922, and actually entered, *nunc pro tunc,* on Nov. 20, 1922; whilst the contention of appellant is that, under the state of the record, it does not appear that the decree was pronounced by the court earlier than the day of its entry on November 20, 1922. Without going into that controversy, it appears to us that the decree, in omitting the amount of the taxes, is still incomplete, so that it is not final. That part of the appeal will also be dismissed because it is not final and appealable, but without prejudice to the right of appeal after such a decree is rendered which actually awards the amount of taxes.

The motion of appellees is therefore sustained, and the appeal on the whole cause will be dismissed.