## HARVEY *v.* MARR.

### Opinion delivered March 14, 1927.

1. APPEAL AND ERROR—TEMPORARY ORDER.—In a suit for partition of an oil and gas lease, an order of court in vacation directing the receiver to pay one-half of the cost of standardizing the well and operating the lease, made subject to adjustment of the equities in the final decree, was a mere temporary order from which an appeal would not lie, where the court later heard the cause and rendered a decree disposing of the matters contained in the former order.

2. APPEAL AND ERROR—TEMPORARY ORDER.—An appeal will not lie from a mere temporary order.

3. APPEAL AND ERROR—EFFECT OF SUPERSEDEAS.—The effect of a supersedeas bond on appeal from a final decree was to supersede all temporary orders made during the pendency of the action.

Appeal from Union Chancery Court, Second Division; *George M. LeCroy,* Chancellor; motion denied.

*Haynie, Parks & Westfall,* for appellant.

HUMPHREYS, J.   This suit was instituted in November, 1925, by appellee against appellant, in the chancery court of Union County, to partition a commercial oil and gas lease covering the southwest quarter of the northwest quarter of the northeast quarter of section 17, township 16 south, range 15 west, in said county, which they owned half and half, and to hold appellant, E. J. Harvey, liable on a certain drilling contract between appellee and appellant, Bray-Hawthorne Company, incorporated, that they executed before said corporation sold its interest in said lease to E. J. Harvey.

Separate answers were filed by appellants in the month of December following, and by the American Trades and Savings Bank, to whom E. J. Harvey assigned his interest in said lease, denying liability under the drilling contract.

During the pendency of the suit a receiver was appointed by the chancellor to take charge of the alleged Harvey interest in the lease and collect one-half of all moneys due or to become due from sales of oil produced in the operation of the lease.   On January 15, 1925, on application of appellee, and over the objection and exception of appellants, the chancellor in vacation authorized and directed the receiver to join appellee in the employment of some one to drill a well on the lease to deep sand and to standardize same; also to pay one-half of the cost of standardizing the first well, and one-half of the expense in operating the lease. No appeal was prosecuted from the order.   Pursuant to the order, the receiver and appellee entered into a contract for standardizing the well on the property and for drilling a second well to the third, or deep, sand, which was successfully drilled and standardized.

On January 30, 1926, the court heard the cause upon the pleadings and testimony, resulting in a decree and partition in accordance with the interests of the several parties, and an order for the sale of the lease.   The interest of E. J. Harvey was charged in part with $18,000 in

favor of appellee for standardizing the first well and drilling and standardizing the second well. Appellants prayed and were' granted an appeal from the decree to this court, and filed a supersedeas bond, which was approved by the clerk of the chancery court of Union County.

After the execution and approval of the supersedeas bond, and prior to the expiration of the six months'' period allowed appellants to perfect their appeal, appellee filed a transcript of the pleadings, orders and decree of this court, and made same a basis for a motion to direct the receiver to pay one-half of the cost of operating the lease, one-half of the cost of standardizing the first well, one-half the cost of drilling the second well to the third, or deep, sand, and standardizing same, and to direct the receiver to carry out the order of the chancellor made on the 15th day of January, 1925. The motion contains allegations to the effect that the receiver has collected one-half of the proceeds of the oil run from the lease and now has more than $10,000 in his hands, but has not complied with the order of January 15, 1925, because he is in doubt as to whether the supersedeas bond supersedes the final decree of date January 30, 1925, only, or also supersedes the order of date January 15, 1925.

We have examined the order of date January 15, 1925, and find that it does not purport on its face to be a final judgment. It was made in vacation, over the objection of appellants, in conformity to appellee's construction of the contract obligations of appellants to pay one-half the cost of standardizing the first well, one-half the cost of drilling the second well to deep sand and standardizing same, and one-half the cost of operating the lease. These matters are the main subjects of controversy in the cause, and were covered in the final decree, from which an appeal has been prosecuted to this court. The order stated that it was made subject to the adjustment of the equities between the parties to the action in the final decree. It was therefore a temporary order from which an appeal would not lie. The effect of

the supersedeas bond was to supersede the final decree and all other orders made during the pendency of the action.

The motion is denied.