PROUTY *v*. GUARANTY LOAN & TRUST COMPANY.

Opinion delivered May 16, 1927.

1. APPEAL AND ERROR—TIME FOR APPEAL.—Where, after a foreclosure sale and before confirmation, the mortgagor's grantee intervened and asked to be allowed to redeem, and the court confirmed the sale without allowing the right to redeem, such confirmation must be construed as a final decree overruling the prayer of intervention, and an appeal by the intervener within six months after confirmation but more than six months after foreclosure was within time.

2. MORTGAGES—RIGHT TO REDEEM FROM FORECLOSURE.—The grantee of one to whom a mortgagor transferred land *held* entitled to intervene in a foreclosure suit against the mortgagor, and to redeem from the foreclosure sale.

3. MORTGAGES—PRIORITY OF LIEN.—One acquiring from a mortgagor notes of a prospective purchaser under a sale contract not acknowledged and recorded *held* to acquire no lien superior to the mortgage, where such purchaser had abandoned his contract of purchase.

Appeal from Phillips Chancery Court; *A. L. Hutchins*, Chancellor; reversed.

*Bevens & Mundt*, for appellant.

*Moore, Walker & Moore*, for appellee.

SMITH, J.    On March 26, 1917, T. J. Jackson conveyed to J. T. Eddins and R. B. Campbell the west half of the northeast quarter of section 1, township 2 south, range 3 east, and certain other lands, for a sum paid in cash and the assumption of payment of a deed of trust from Jackson to the Guaranty Loan & Trust Company securing a loan of $1,200.   The lands thus conveyed to Eddins and Campbell were later divided, and Campbell took title to the land above described, and agreed, in consideration of this partition, to satisfy the deed of

trust thereon. He was unable to do so, but renewed and increased the loan to $2,000 and, on July 21, 1921, executed a deed of trust on the land to secure a note evidencing that indebtedness.

Suit was commenced February 24, 1925, to foreclose this deed of trust, and a decree of foreclosure was rendered, pursuant to which a sale was made by the clerk of the court, who had been appointed commissioner for that purpose. A report of this sale was duly made, and, pending its confirmation, appellant filed an intervention, in which he alleged that he was a necessary party to the foreclosure proceedings, but had not been advised thereof until he saw the commissioner's notice of sale.

Intervener alleged the following facts: Prior to the execution of the deed of trust from Campbell to the trust company, the instrument here sought to be foreclosed, Campbell had, on November 2, 1917, entered into a contract with one Spencer Wilson for the sale of this land, by the terms of which it was agreed that, for a consideration of $3,100 to be paid Campbell, a deed would be executed by Campbell to Wilson. The $3,100 purchase money was evidenced by notes for $500, $600 and $2,000, due, respectively, December 1, 1919, 1920 and 1924, but the contract provided that, until the first and second notes had been fully paid, any and all payments made should be treated as payments of rent, and these notes were delivered to intervener as collateral to a loan made to Campbell by him. On October 1, 1921, Campbell conveyed the land to F. L. Mallory, who, on June 30, 1922, conveyed to intervener.

It was alleged in the intervention that the trust company had taken its deed of trust with notice, both actual and constructive, of the contract of sale between Campbell and Wilson, and it was prayed that the indebtedness there secured be adjudged to constitute a lien prior and superior to that of the deed of trust from Campbell to the trust company. There was a prayer in the alternative that, if this was not done, the commissioner's sale be not approved and the intervener be

allowed to redeem from the decree of foreclosure by paying the indebtedness there declared to be due the trust company.

Upon the filing of the intervention time was given to take testimony, and testimony was taken, and the clerk has certified, in the transcript filed in this case, that he has shown all the proceedings had in this behalf. It does not appear that the court made any affirmative ruling upon the intervention and the testimony taken in support thereof, but it does appear that the court approved and confirmed the report of sale and approved the deed of the commissioner to the trust company, it having been the purchaser at the sale.

Upon this state of the record, appellee insists that there is no final decree except the decree of foreclosure, and an appeal was not perfected within six months of its rendition, and, inasmuch as it does not appear that the court has adjudged the rights of the intervener, it must be conclusively presumed that the intervention was not disposed of and that there was no decree from which he could appeal.

We do not agree with learned counsel in this contention. It was prayed by the intervener that his intervention be treated as an objection to the confirmation of the report of sale and that he be granted the alternative right of redeeming from the commissioner's sale, and, as the sale was confirmed contrary to the prayer of the intervention, it must be conclusively presumed that the court overruled the prayer of the intervener, although no express recital of that fact appears in the record. Such, however, is the necessary effect of the court's action, and we hold therefore that the present appeal was properly taken.

We think intervener, hereinafter referred to as appellant, had the right to intervene, for, through the conveyance above-mentioned, he acquired Campbell's right to redeem from the deed of trust from Campbell to the trust company.

It was developed, in the testimony taken on the inter-vention, that the contract of sale between Campbell and Wilson was not acknowledged or recorded. It is insisted, however, that the trust company took its deed of trust subject thereto, for the reason that an abstract of the title had been submitted, which showed that Wilson had himself executed a deed of trust to secure a loan to one party and had given an oil lease to another, thus making it appear that Wilson claimed an interest in the land. The officer of the trust company who examined the abstract admitted that the abstract showed this last-mentioned deed of trust and the oil lease, and that, upon investigation, Campbell told him he had contracted to sell the land to Wilson, but Wilson had abandoned the con-tract and had removed from the land at the time the trust company's deed of trust was taken. The undis-puted testimony shows that, pursuant to the contract of sale, Wilson moved on the land and made certain improvements thereon, but he left the land in March or April, 1921, and has not at any time asserted any right under his contract of purchase, and his present resi-dence appears to be unknown. The land was unoccu-pied after Wilson abandoned it until about Christmas, 1921, when Campbell put another tenant on it. It thus appears that, while appellant acquired the notes given by Wilson to Campbell as collateral to a loan made by him to Campbell, he acquired no lien on the land superior to that of the deed of trust from Campbell to the trust company. The trust company had the right to assume, inasmuch as Wilson had abandoned the land, that Wilson had acquiesced in assuming the relation of a mere tenant in possession having an option to purchase, as the con-tract provided he should be regarded until he made his first and second payments, neither of which were made. Under the contract Wilson would not have become a pur-chaser in possession until he made the first two pay-ments. Wilson did not make these payments, and, when he defaulted and abandoned the land and refused to pay, he lost his right to purchase, and any payments he may

have made were mere payments of rent.  The validity of contracts having this effect has been frequently upheld.  *Nelson* v. *Forbes,* 164 Ark. 460, 261 S. W. 910; *Thompson* v. *Johnston,* 78 Ark. 574, 95 S. W. 468; *Murphy* v. *Myar,* 95 Ark. 32, 128 S. W. 359, Ann. Cas. 1912A, 573.

The court no doubt found, although that finding is not reflected in the record, that the trust company was an innocent purchaser in taking its deed of trust from Campbell, and that the lien thereof was superior to any rights acquired by appellant in taking title to the notes by an equitable assignment of them from Wilson to Campbell.  These notes were delivered to appellant by Campbell without being indorsed by Campbell, but, as appellant had acquired Campbell's title, he thereby acquired the right to redeem, and this right should have been accorded him.  The deeds under which this right was acquired were of record when the original suit was filed.

In the case of *Dickinson* v. *Duckworth,* 74 Ark. 138, 85 S. W. 82, 4 Ann. Cas. 846, it was said:

"It must be conceded that appellants were necessary parties to the foreclosure suit under which appellee Duckworth obtained title, and their rights in the property were not cut off by the sale.  Having been omitted from the foreclosure proceedings, what remedy therefore remained to them in the assertion of their rights? A right merely to redeem from the lien which had been foreclosed, upon the payment of the debt, or the right to require a foreclosure order and a sale thereunder? While there is some conflict in the authorities, we think that, by the decided weight of authority, it is settled that a subsequent lienor, or holder of the equity of redemption, after foreclosure against the original mortgagor, can only claim the right to redeem where he has been omitted from the foreclosure suit. (Citing authorities).  This rule was adopted by this court in the case of *Allen* v. *Swope,* 64 Ark. 576, 44 S. W. 78."

Appellant was the owner of the equity of redemption, and, as such, should have been accorded the right

of redemption, and the court erred in confirming the sale, thereby denying appellant this right.

The decree of the court below will therefore be reversed, and the cause will be remanded with directions to vacate the order confirming the sale, and appellant will be given a reasonable time within which to redeem from the decree of foreclosure, failing which the court will again confirm the sale.