McGowan *v.* Burns.

Opinion delivered October 27, 1930.

*D. E. McGowan,* for appellant.

*Claude B. Brinton* and *Caraway, Baker & Gautney,* for appellee.

Smith, J. Appellant bought a tract of land in Poinsett County at a sale for the taxes of 1925, and, after paying the taxes for the ensuing two years, obtained a clerk's deed. On November 15, 1928, after receiving his deed, appellant brought suit against the tenant in possession

for rent. The original owners and the holder of a mortgage from them intervened, and were thereafter treated as defendants, and the cause was transferred to equity, where a decree was rendered canceling the tax deed, but declaring a lien against the land in favor of appellant for the amount of the taxes which he had paid, and a commissioner was appointed to sell the land if the amount so adjudged was not paid within the time limited.

Pursuant to this authority, the commissioner advertised and sold the land on August 17, 1929, at which sale appellant became the purchaser. A report of this sale was duly made, which came on for confirmation and was duly heard on September 9, 1929, at which time defendants filed exceptions to the report of sale and objected to its confirmation upon the grounds that the land had been sold for an inadequate price, and that a tender had been made and refused before the sale of the amount due under the decree of sale, and there was a renewal of the tender of the amount due under that decree.

The matter of the confirmation of the sale was heard on September 9, 1929, and the decree then rendered recites that it was heard upon "the report of the sale by the commissioner above named and the decrees of this court formerly rendered in this cause, and the evidence of J. L. Burns, from all of which the court finds: that the sale in question should be set aside upon condition." It was then decreed that the commissioner's sale be set aside upon the condition that the defendants, or either of them, pay to the plaintiff, or to the clerk of the court, on or before the next regular term thereof, the sum due plaintiff, "as fixed by the prior decree of this court herein," with interest at six per cent.

Thereafter, on January 6, 1930, which appears to have been a day of the ensuing December term of the court, the matter was further heard on a motion filed by plaintiffs to set aside the decree of September 9, 1929, and a response thereto filed by J. L. Burns.

Plaintiff insisted, in his motion last referred to, that there had been even then no sufficient tender of the sum due him, and he prayed that the decree of September 9, 1929, be set aside, and that the court approve and confirm the sale of the commissioner which the decree of September 9, 1929, had refused to do. Upon this hearing the court found there had been a substantial tender and a payment to the clerk of the court of the full amount demanded by the clerk under and in satisfaction of the prior decrees of the court, and that the defendants had "substantially, if not literally, complied with the order of the court," and the prayer for confirmation of the commissioner's sale was again refused, and this appeal is from that decree.

The decree of the court below must be affirmed. The appeal was perfected July 5, 1930, which was barely less than six months from the date of the decree of January 6, 1930, but this latter was not the final decree. The rights of the parties were fully adjudged under the decree rendered September 9, 1929, and that was the final decree, and the decree of January 6, 1930, was a mere refusal to vacate the prior decree. *Feild* v. *Waters,* 148 Ark. 325, 229 S. W. 735; *Harvey* v. *Marr,* 173 Ark. 90, 291 S. W. 981; *Flanagan* v. *Drainage Dist.,* 176 Ark. 31, 2 S. W. (2d) 70; *Foulkes* v. *Foulkes,* 173 Ark. 188, 293 S. W. 1; *Prouty* v. *Guaranty Loan & Trust Co.,* 174 Ark. 19, 294 S. W. 362; *Security Mortgage Co.* v. *Bell,* 175 Ark. 128, 298 S. W. 865; *Parker* v. *Bodcaw Bank,* 161 Ark. 426, 256 S. W. 384; *Robertson* v. *Yarbrough,* 160 Ark. 223, 254 S. W. 492; *Simmons* v. *Turner,* 171 Ark. 96, 283 S. W. 47; *Wharf Imp. Dist.* v. *United States Gypsum Co.,* 181 Ark. 288, 25 S. W. (2d) 425.

The appeal was not therefore perfected in time, but we would be required to affirm the decree of September 29, 1929, even though an appeal had been perfected in time.

Appellant says the decree of September 9, 1929, was erroneous in two respects. First, that no reason was

shown for the refusal to approve the commissioner's prior sale except that the land had sold at an inadequate price; and, second, that it was error to allow him interest at six per cent., whereas he was entitled to interest, as a tax purchaser, at ten per cent.

It is conceded that mere inadequacy of price was not a sufficient reason to refuse to confirm the report of the commissioner's sale. But this was not the only reason assigned in the exceptions to the confirmation of the commissioner's report. It was alleged in the exceptions that a full tender had been made of the amount due plaintiff—appellant—under the decree which had canceled the tax sale. The decree of September 9, 1929, recites that that decree had been rendered upon the oral testimony of J. L. Burns, with other evidence. Burns was the administrator of the estate of his father, who had become the owner of the mortgage on the land by assignment of it to him, and this oral testimony has not been preserved and is not now before us. There is therefore a conclusive presumption that this oral testimony sustained the allegation that a tender had been made before sale. *Petroleum Producers' Assn.* v. *First Nat. Bank,* 165 Ark. 267, 263 S. W. 965; *Roth Tobacco Co.* v. *Layton Department Store,* 163 Ark. 221, 260 S. W. 25.

It is also to be remembered that in his exceptions Burns renewed his tender. If, therefore, there had been a tender before the sale, which was renewed when the report of the commissioner was heard, the sale should not have been confirmed, and the court was correct in refusing to allow interest thereafter at a higher rate than six per cent., as appellant could not refuse to accept the money due him and demand interest thereafter at ten per cent. *Bender* v. *Bean,* 52 Ark. 132, 12 S. W. 180, 241.

The decree must therefore be affirmed, and it is so ordered.