McGuffey v. McGuffey.

4-8044 199 S. W. 2d 969

Opinion delivered January 20, 1947.

*Jay M. Rowland,* for appellant.

*Proctor & Snodgrass* and *Scott Wood,* for appellee.

ROBINS, J.   This is an appeal from an order of the lower court denying appellant any right to participate in the division of certain funds arising from the sale of property belonging to the estate of Charles D. McGuffey, Sr., deceased, held in the registry of the court.   The suit was begun by the filing of a complaint by appellee, Gertrude McGuffey, claiming to be the widow of Charles D. McGuffey, Sr., deceased, and by appellees, Charles D. McGuffey, Jr., and Madeline Hoff, claiming to be his only heirs, against appellant, Nellie McGuffey.   The pleadings in this suit do not appear in the transcript, but the decree is shown.   From this decree it appears that the object of the suit was to partition certain property in Garland county, Arkansas, owned at his death by Charles D. McGuffey, Sr., and also to dispose of appellant's contention that she was the widow of the elder McGuffey and as such was entitled to a widow's share in his estate.   The property was sold by agreement and the proceeds thereof deposited in the registry of the court pending determination of the issues.

The cause was heard by the lower court on May 23, 1945, and the decree rendered on that date recites this finding: "That Charles D. McGuffey, Sr., died intestate about the month of March, 1942; that the said Charles D. McGuffey, Sr., at the time of his decease, was the owner of the real property described in the complaint herein and he was occupying the said property as his homestead at the time of his decease; that the said Charles D. McGuffey left surviving him the plaintiff, Gertrude McGuf-

fey, as his widow, and the plaintiffs, Charles D. McGuffey, Jr., and Madeline Hoff, as his children and only heirs at law; that the property described in the complaint descended in equal parts to the plaintiffs, Charles D. McGuffey, Jr., and Madeline Hoff, as the only heirs at law of the said Charles D. McGuffey, Sr., subject to the dower and homestead rights of the plaintiff, Gertrude McGuffey . . .''; and the decree concludes thus: ''The court does, therefore, consider, order, adjudge and decree that the said Gertrude McGuffey shall receive out of the funds that are now in the hands of the Clerk of this court the full present value of her life estate, based on the mortality and value tables of old line standard life insurance companies, and figured on a six per cent. basis; and that the balance of the funds in the hands of the Clerk, after the payment to the said Gertrude McGuffey of her interest therein, shall be paid to the said Charles D. McGuffey, Jr., and Madeline Hoff in equal shares. The defendants except to the judgment and findings of the court herein and pray and are granted an appeal to the Supreme Court. The Clerk of this court is directed to hold all of the funds now in his hands for a period of six months from the date of this decree. The court retains control of this cause to finally determine the value of the interests of Gertrude McGuffey as herein decreed, also the value of the estate claimed by Nellie McGuffey, and to make final order of distribution, and such other orders as may be deemed necessary.''

Though she prayed and was granted an appeal from this decree, appellant failed to prosecute such appeal, so that the decree became conclusive as to all matters therein adjudicated.

Thereafter appellant filed what she designated as a ''Motion to Settle Property Rights,'' in which she set up that since the court had determined that she was not the widow of Charles D. McGuffey, deceased, appellant was entitled to ''property rights'' in the funds on deposit in the registry of the court, that she occupied the status of a surviving partner, and, as such, was entitled to $8,655

out of the funds on hand to repay her the amount she had advanced to the partnership. As shown by the decree a response to this motion was filed by appellees, but this response does not appear in the transcript.

The lower court heard this motion on March 13, 1946, on the depositions of appellant and two witnesses on her behalf and made a finding that the previous decree "finally and conclusively determines that the plaintiffs [appellees] were entitled to receive the funds" and decreed that the money in the registry of the court be paid over to appellees.

Appellant argues that the first decree in the instant proceedings is not conclusive as to her rights because the court retained control of the cause "to finally determine the value . . . of the estate claimed by Nellie McGuffey." Since the pleadings and testimony in the original suit are not brought up in the record before us we have no means of ascertaining just what property or "estate claimed by Nellie McGuffey" was thus referred to in the decree, but this language could not have had reference to the money in the registry of the court, because the court had in the preceding portion of the decree found that all this money belonged to the appellees and directed that it be paid to them. This amounted to a finding against any ownership by appellant of an interest in this fund, and was final and conclusive as to any claim asserted by her therein.

In the case of *Davie* v. *Davie*, 52 Ark. 224, 12 S. W. 558, 20 Am. St. Rep. 170, Chief Justice COCKRILL quoted with approval this from the case of *Forgay* v. *Conrad*, 6 How. 201, 12 L. Ed. 404: " 'Where the decree decides the rights to the property in contest and directs it to be delivered up, or directs it to be sold, and the complainant is entitled to have it carried into immediate execution, the decree must be regarded as final to that extent, although it may be necessary for a further decree to adjust the account between the parties.' "

We held in the case of *Branstetter* v. *Branstetter* (headnote 6), 130 Ark. 301, 197 S. W. 688: "Where a

judgment which finally settles the rights, title and interests of the parties under the issues raised by the pleadings, is in such form as to be complete and final, giving the right to have the same put into execution, the same is final and may be appealed from.''

A decree directing that lands be partitioned by commissioners, who were directed also to report the value of permanent improvements and by whom made and the value of rents for certain years, and continuing the cause as to the rights of the parties in so far as rents, improvements and taxes were concerned was, in the case of *Simmons* v. *Turner,* 171 Ark. 96, 283 S. W. 47, held to be a final decree.

Other cases sustaining the same rule are: *Grinnell Company, Inc.,* v. *Brewer,* 153 Ark. 532, 240 S. W. 424; *Robertson* v. *Yarbrough,* 160 Ark. 223, 254 S. W. 492.

We conclude that the lower court properly determined that the first decree was decisive as to any claim by appellant as to the fund in the registry of the court; and therefore her remedy was by way of appeal from that decree, and not by way of the supplemental proceedings, which she elected to pursue.

The decree of the lower court is accordingly affirmed.